## Rehrer *against* Zeigler.

In a *scire facias* upon a mechanic's lien, the book-entries of the lumber furnished, although kept in ledger form, accompanied by parol proof that the entries were fairly made, and the lumber was delivered, are competent evidence to go to the jury.

The time when the materials were furnished or the work was done, is essential to the validity of a mechanic's lien filed. If the year be omitted in which the lumber was sold and delivered, there can be no recovery in a *scire facias* upon the lien.

ERROR to the Common Pleas of *Dauphin* county.

Jacob Zeigler against Thomas J. Rehrer, owner, and John Brenizer, contractor. *Scire facias* on a mechanic's lien.

The claim filed in this case was for lumber furnished for a house, the items of which were all set out, with the month and day of the month when each was delivered, but not the year.

The plaintiff called a witness, who proved that the lumber was delivered in the year 1840, as entered in the book by him, and the book was produced, which was kept in ledger form, and offered in evidence: the defendant objected to it, but the court overruled the objection, and sealed a bill of exception.

The court charged the jury that the omission in the claim filed of the year in which the lumber was furnished, might be supplied by proof.

*Herman Alricks*, for plaintiff in error, referred to the Act of 16th of June 1836, to show that the necessity for setting out the date of the sale and delivery of materials, in the claim filed, was imperative, and the want of it was fatal to the plaintiff's right of recovery.

*Harris, contra*, argued that the provision of the statute on the subject of the date was but directory, and the omission might be supplied by proof, and would be cured by the verdict. 3 *Chit. Prac.* 71; 1 *Burrows* 330: 1 *H. Black.* 77; 9 *Law Lib.* 54; 1 *Watts & Serg.* 240; 16 *Serg. & Rawle* 56.

The opinion of the Court was delivered by

ROGERS, J.—By the Act of the 16th of June 1836, every building in certain counties therein specified, is subjected to a lien, for the payment of all debts contracted for work done, or the materials furnished, for or about their erection or construction. The evidence of the work done, or the materials furnished, is not prescribed by the Act, but the proof to entitle the party to his lien

[Rehrer v. Zeigler.]

is left as at common law. There was, therefore, nothing wrong in admitting the book, although in ledger form, in evidence, with the parol proof, and leaving the whole as a question of fact to be decided by the jury. It was competent to supply the omission in naming the day the materials were furnished, by other evidence. But there is a substantial defect in filing the claim. The 11th section directs, that every person entitled to a lien shall file a claim or statement of his demand in the office of the prothonotary of the county in which the building may be situated. And the 12th section, which is imperative, directs, among other things, that every claim *must* set forth the time when the materials were furnished, or the work was done. The requirements of the Act in the 12th section, which are by no means unreasonable, must be substantially, if not literally complied with. The claim here filed is substantially deficient, in omitting to state when the materials were furnished. The time must be stated, and the other requirements of the Act observed; for these were intended to protect the owner from collusion or mistake, by which his interests may be affected, and against which it is almost impossible for him, in many instances, to guard himself. If we dispense with a statement of the time, we shall hereafter be compelled to dispense with other directions of the Act, when at length the owner will be left without any protection whatever.

Judgment reversed.