KENNEDY *v.* The BOARD OF HEALTH.

1. The District Court has jurisdiction under the act of 1818 and 1830, of all claims for the removal of nuisances by the Board of Health, though less than $100.
2. The form of the claim is regulated by the mechanics' lien acts in force before that of 1836.
3. The board have final jurisdiction in determining the fact of nuisance, which they order to be removed.
4. The 27th section of the act of 1818 has no reference to a nuisance on a vacant lot, so far as it requires a warrant from a justice, and a visit by a committee of the board, before an order for removal be made.

ERROR to    e District Court of the city and county of Philadelphia.

*April* 17.—The Board of health issued a scire facias on a claim for $47 87, for removing a nuisance on defendant's property. The claim, as filed, described the property and the nuisance as a pond of stagnant water, removed by their depositing earth thereon after due notice to defendant and neglect by him; annexed was a bill of particulars to be considered as part of the claim; and averring that the nuisance was removed, and the money paid within six months, immediately before filing the claim. The bill was dated August 30th, year omitted, charging defendant with cash paid, &c., for two hundred and fifty-four loads of earth, at eighteen cents per load, $47 62; probate twenty-five cents, $47 87.

The plea was payment with leave; and that plaintiffs did not expend or direct the moneys to be expended as alleged.

The evidence, to prove the order of the board for the removal, was objected to, and is stated by his honour in considering the third exception.

The fourth error assigned, was a refusal to permit the defendant to show that his lot was higher than the adjoining street, and that the water was collected there by reason of dirt thrown in the street from adjoining houses. A notice to defendant having been proved, the defendant asked the court to instruct the jury: that plaintiffs must show an authority to fill up the lot, and that they acted in pursuance of it; that under the act of 1813, they must have visited the lot by a committee; and that the evidence did not authorize a recovery.

His honour, Jones, J., told the jury the act of Assembly very much restricted the defence; payment, and unnecessary expense in removing the nuisance alone could be inquired into; this was left to them on the evidence. The fact of nuisance must be considered established; that certain formalities, such as visiting under a warrant, &c., were required

when a house or enclosure were to be entered; but these had no reference to vacant lots. Whether the lot was sufficiently described in the notice, was for them.

The first exception was to the jurisdiction of the court, the claim being under $100. 2d. Defects in the claim for want of specification of the time when the loads of earth were deposited, and the omission of the year. The 3d and 4th have been stated. 5th. In deciding, an application to a justice was not requisite. 6th. That the fact of nuisance could not be inquired into. 7th. That evidence of an order had been given. 8th. That the 27th sect., act of 1818, January 27th, did not apply to vacant lots. 9th. A visit under warrant unnecessary.

*Kennedy,* for plaintiff in error.—The court has no jurisdiction in claims under $100. The act of 1818, 7 Sm. Laws, 24, gave it specially, and the court has since been reorganized; it is a different tribunal, and the general jurisdiction of the former court only has been given. The lien is defective, in not stating the time of doing the work which is required, as it is assimilated to mechanics' liens. But there is not a shadow of evidence there was any nuisance; indeed the court considered it unnecessary. [*Sergeant,* J.—The legislature have given the Board of Health final judicial power on that subject.]

*J. A. Phillips,* contrà.—The act is remedial, not penal; it is essential, for many owners are out of the jurisdiction. As to the jurisdiction.— [*Curiam.*—You need not speak to that.] The claim is filed according to the mechanics' lien act of 1806, which was in force at the time these claims were made liens, and of course governs this case.

*April* 23. KENNEDY, J., after stating the record.—By the 27th section of the act of the 29th of January, 1818, it is made the duty of the board to cause all offensive or putrid substances, and all *nuisances* which may have a tendency, *in their opinion,* to endanger the health of the citizens, to be removed from the streets, lanes, alleys, highways wharves, docks, or any *other part* or *parts* of the city of Philadelphia. the district of Southwark, and the townships of the Northern Liberties, Moyamensing and Penn. And in the conclusion of the same section, it is enacted, that the expenses attending the removal of such nuisance shall be recovered by the Board of Health in any court having jurisdiction, from all corporate bodies and individuals, in case due notice has been given to remove the same, and a refusal or neglect to do so within the time prescribed by the board. And by a supplement to the said act, passed the 7th of April, 1830, it is further enacted, that the expenses attending the removal of any nuisance shall be and remain a lien upon the premises from which such nuisance has been removed;

and it shall be the duty of the said Board of Health to file the claim therefor, against the owner or reputed owner, in the office of the clerk of the District Court for the city and county of Philadelphia, which *said court* shall, in *all cases,* have *jurisdiction* of the same ; and the said claims may be filed, recorded, and proceeded on by scire facias, to recover the same, in like manner as mechanics' liens are recoverable, upon the trial of which, the *fact of the nuisance shall not be inquired into,* and the defendant or defendants shall only be permitted to give evidence of payment, or that unnecessary expenses were incurred by the board in the removal of the nuisance.

[His honour then stated the bill filed with the claim.]

This bill or claim was filed by the board, in the clerk's office of the District Court, on the 19th day of October, 1841.  The first error assigned is, that the District Court of the city and county of Philadelphia had no jurisdiction over the claim, as it was less than $100.  This error has, and can not be sustained ; for the act of the 7th of April, already in part recited, declares in express terms, that the said court shall have jurisdiction *in all* such cases, without any limitation as to the amount thereof.  The second error is, that the time when the loads of earth were deposited, or the expenses incurred, as alleged in the claim or bill, is not specified ; the year is omitted.  The act of Assembly, in this behalf, does not require that the date of removing the nuisance, or of paying the expenses incurred for doing the same, shall be stated in the claim made on account thereof, and filed in the clerk's office of the District Court of the city and county of Philadelphia ; and in this respect is different from a subsequent act, passed the 16th of June, 1836, relating to the filing of mechanics and materialmen's claims ; the 12th section of which directs, in express terms, that every such claim shall set forth the time when the materials were furnished, or the work done.  The cases, therefore, of Rehner *v.* Zeigler, 3 Watts & Serg. 258, and Lehman *v.* Thomas, 5 Id. 362, cited for the plaintiff in error, being decided under the mechanics' lien law of the 16th of June, 1836, have no direct bearing on or application to this case.  But if the time when the expenses incurred in removing the nuisance were so material, that it ought to appear from the claim itself as filed, it may and can be ascertained from it in this instance ; for the month and day are given in the bill, filed with the claim, and it is expressly alleged in the claim, as filed, that the nuisance was removed, and the expenses thereof paid within six months immediately before filing the claim, the date of which is noted by the clerk of the court, who filed it ; so that all that is necessary to render *certain* the day, month, and year of removing the nuisance, and paying the expenses thereof, is given in the

bill, and the statement of the claim filed with it.   There is nothing, therefore, in the second error.

The third error is, that the court erred in allowing the minute of the order, made in writing in a book kept for that purpose by the board, to remove the nuisance, to be read in evidence.   It is not easy to discover what sort of evidence would have been admissible for this purpose, in the opinion of the counsel for the defendant below.   For first, the counsel for the plaintiff offered verbal evidence, to prove the order which was objected to by the defendant's counsel, who inquired of the witness produced to prove the order, if the proceedings of the Board of Health had not been committed to writing, and whether a book of the minutes were not kept, to which the witness produced answered in the affirmative; and the book containing the same was instantly produced, and after being testified to, that it was their book containing a registry of their proceedings from time to time, was offered to be read in evidence, for the purpose of showing that the board had made an order directing the nuisance to be removed, which was also objected to by the counsel for the defendant below, but admitted by the court to be read in evidence, for the purpose mentioned, to the jury, to which exception was taken.   Now, if neither the verbal or the written evidence offered was admissible to establish the order of the board for removing the nuisance, I must confess, that I am somewhat at a loss to discover or say what species of evidence would be admissible for such purpose.   The board was not only an incorporated body, but acted likewise in a judicial character, in ordering the nuisance to be removed, which rendered it highly proper, if not necessary, that their proceeding in such case should be reduced to writing and preserved, for the special purpose of being evidence afterwards, to show, whenever it became necessary, what they had done.   It was the very best evidence that could be given, and such as is given every day.  Rex *v.* Martin, 2 Camp. 100; 1 Greenl. Ev. 542, 393.

The fourth error is, that the court refused to permit the defendant below to prove the cause of the nuisance.   It is not easy to perceive the relevancy of such evidence, unless it was intended to show by it, that there was in reality no nuisance to be removed.   But this latter could not be proved, for the act of Assembly on the subject, as recited above, makes the order of the board conclusive, that the nuisance did exist, and expressly enacts that the fact of the nuisance shall not be inquired into.   The board decided that the nuisance existed on the lot of the defendant, and the *fact* being so determined, it made no difference from what cause it arose; it was necessary and proper that it should be removed.   The evidence was therefore properly rejected.

The fifth error is, that the court erred in instructing the jury that a nuisance upon a vacant lot might be removed by the board without any application to a justice of the peace. In this we think the court were clearly right. The first part of the 27th section of the act of 1818, which makes it necessary for the board to obtain a warrant from a justice of the peace, is only required when the board have just cause to suspect that a nuisance exists in a *house, store, cellar,* or *other enclosure,* which it was thought by the legislature ought not to be entered by the board, without their having first obtained a warrant from a justice of the peace, authorizing them to do so. But nothing of the sort is required, if the nuisance exists in a *street, lane, alley, highway, wharves, dock,* or *other part,* &c., meaning clearly any unenclosed *part* of the city, &c.

There is nothing in the sixth error, and nothing need be said in regard to it more than what has been said already on the exception to the rejection of evidence, which is sufficient to show that the fact, that a nuisance existed on the lot, could not be controverted without contravening the express provision of the act of Assembly in relation to that point.

The seventh error is, that the board gave in evidence the order to remove the nuisance, and gave notice to the defendant of the order. We can perceive no error in this, nor any injury that could possibly result to the defendant from the board having done so.

The eighth error is a repetition of the position, that the court erred in stating to the jury, that the 27th section of the act of 1818 did not apply to a vacant lot. It is not strictly correct, however, to say, that the court stated that this section did not apply to a vacant lot. It is the first part of the section which requires a warrant to be obtained by the board from a justice of the peace, which the court said did not apply to a vacant lot, but that the subsequent part of the section did apply to a vacant lot, and authorized the board to act where a nuisance existed upon it, without such warrant from a justice.

The ninth error relates to the same point, and requires no further notice.

The judgment is affirmed.