# The City of Philadelphia *versus* The Gratz Land Company.

### *Municipal Claims for removal of Nuisances.*

A municipal claim filed for the expense attending the removal of nuisances, under the Act of April 7th 1830, is sufficient in form, though it does not state the time when the work was done.

ERROR to the District Court of *Philadelphia.*

On the 23d of March 1856, the city of Philadelphia filed a claim against the Gratz Land Company for $526.50, for "removing a nuisance from a lot of ground at the south-west corner of Mary and Master Streets, in Philadelphia," describing the lot by metes and bounds, "which nuisance consisted of a pond of stagnant water, which after due notice to the Company, was removed by the Board of Health by filling the pond with dirt and levelling the same, in doing which, they within six months last past, incurred and paid" the sum above mentioned.

[The City of Philadelphia *v.* The Gratz Land Company.]

The ‟claim was filed under the authority of the Act of April 7th 1830, § 2, P. L. 348; Act of March 11th 1846, §§ 3, 4, P. L. 115.

After the issuing of a *scire facias* and the filing of defendant's pleas, a motion was made by defendant's counsel to strike off the lien. On the hearing, the court below (SHARSWOOD, J., dissenting) held, that the lien was defective, in not stating with sufficient precision when the work was done, and struck off the lien. The plaintiff then sued out this writ, and assigned for error that the court erred in striking off the lien.

*David W. Sellers* and *Charles E. Lex*, for plaintiff, cited and relied on Kennedy *v.* The Board of Health, 2 Barr 366, and argued, that the ruling of this court in Philadelphia *v.* Sutter, 6 Casey 55, did not apply to the case of a lien filed for the expense of removing nuisances.

*James H. Little*, for defendant in error.—This claim is against common right and should be strictly construed; the case must come within the letter and intention of the statute wherever it is one of statutory creation: City of Philadelphia *v.* Sutter, 6 Casey 55; Rohrer *v.* Zigler, 3 W. & S. 259; Lehman *v.* Thomas, 5 Id. 262. This lien is not, like that of a mechanic or material-man, based on any contract, but the work is always done without the consent of the person charged, and should therefore be construed the more strictly.

The spirit of the act requires that the claim should show when the work was done, which is omitted in this case: Kennedy *v.* The Board of Health was a *sci. fa.* on a lien that was filed before this act was passed, and has, therefore, no application.

The opinion of the court was delivered, March 11th 1861, by

STRONG, J.—In The City of Philadelphia *v.* Sutter, 6 Casey 53, it was ruled, that municipal claims for paving, curbing, &c., require substantially the same precision which those of mechanics and material-men require under the Act of Assembly of 16th June 1836. Such claims were authorized to be made liens of record by the Act of 16th of April 1840, which, with some subsequent acts, assimilated them to claims of mechanics and material-men. At the time when the Act of 1840 was passed, there were in existence certain statutory requisites to the validity of a mechanic's claim, and it was to be presumed, therefore, that similar requisites were intended to be essential to claims for paving. But claims for the expenses attending the removal of nuisances were authorized to be filed in the office of the clerk of the District Court by the Act of April 7th 1830 (P. L. 348), before the Act of 1836 was passed; and they were to be *filed,*

[The City of Philadelphia *v.* The Gratz Land Company.]

recorded, and proceeded on by *scire facias* as mechanics' liens *then* were. No Act of Assembly at the time required that the claim filed should state the time when the work was done or the materials were furnished. For this reason, it was held in Kennedy *v.* The Board of Health, 2 Barr 366, that it is not fatal to a claim filed for the expenses attending the removal of a nuisance, that it does not state precisely the time when the work was done. That case governs the present, and is authority for holding, that the claim filed is formally sufficient.

The order of the court striking off the lien is reversed, and the claim is directed to be reinstated.