JAMES CHAPPELL, APPELLEE, v. WILLIAM H. SMITH ET AL., APPELLEES, IMPLEADED WITH MICHIGAN SAVINGS & LOAN ASSOCIATION, APPELLANT.

FILED MAY 15, 1894.   No. 5408.

1. **Mechanics' Liens.** The failure of an account and its accompanying statement filed to secure a mechanic's lien to disclose affirmatively that such filing is within the requisite time to entitle to the lien claimed, operates to defeat the relation back of such lien as against liens in existence before the filing of such account.

2. ———: MORTGAGES: PRIORITIES. A mortgage, from the date of being filed for record, takes priority of mechanics' liens for labor done or material furnished when no part of such labor was done and no part of such material was furnished before such mortgage was filed. Following *Henry & Coatsworth Co. v. Fisherdick,* 37 Neb., 207, and *Hoagland v. Lowe,* 39 Neb., 397.

APPEAL from the district court of Sheridan county. Heard below before BARTOW, J.

*Albert W. Crites,* for appellant.

*T. S. Tripp, Thomas L. Redlon, R. M. Magee, D. B. Jenckes, W. H. Fanning,* and *Spargur & Fisher, contra.*

RYAN, C.

On August 29, 1891, James Chappell, as plaintiff, filed his petition in the district court of Sheridan county, Nebraska, wherein were made defendants William H. Smith, Fanny A. Smith, Excelsior Lumber Company, Michigan Savings & Loan Association, Charles W. Raymond, Tobias J. Thompson, John Reid, Lyon & Boyd, A. L. Pense, Frank A. Fafek, George W. Churchill, Charles S. Bates, Ira Longcor, Spargur & Fisher, John D. Zernetts & Co., and Robert McNair. In the petition it was alleged that William H. Smith was, at the various times to which reference was made in the petition, and at the date of its filing still continued to be, the owner of lot 29, block 7, in the village of Hay Springs, and that Fanny A. Smith had, at all times referred to in said petition, a dower interest in said lot, for the reason that said Fanny A. Smith was 'the wife of William H. Smith. The plaintiff, by his petition, sought to have a mechanic's lien declared, decreed, and enforced in his favor superior to the rights of all the defendants as to the lot above referred to, and several of the defendants, by way of cross-petition, sought like relief on claims of the same character as against the plaintiff and each co-defendant. By the default of Fannie A. Smith, Tobias J. Thompson, Charles W. Raymond, George W. Churchill, and John D. Zernetts & Co. there was ended the necessity of considering their rights or interests. By the decree the mechanics' liens were, so far as pertinent to our inquiry, declared of equal priority, each, however, being established as paramount to the rights of the Michigan Savings & Loan Association under its mortgage on said premises made by William H. Smith and his wife Fanny A. Smith. This mortgage bore date September 1, 1890, was acknowledged September 9, 1890, and was duly filed for record October 27, 1890. There was found due the Michigan Savings & Loan Association the sum of $604.50,

with seven per centum per annum interest thereon from September 6, 1890. No one appeals from this finding, so that for the purposes of this case it may be assumed as correct. The savings and loan association, just mentioned, appealed from that part of the decree which subordinated the lien of the mortgage to each mechanic's lien established, and which adjudged that said association was liable for the amount of said established mechanics' liens. At the very threshold of our inquiries we observe that the money judgment against the Michigan Savings & Loan Association cannot be sustained, for there is no evidence whereby to substantiate the claim that this association was a party to the erection of a building on the premises described. It is true it agreed to loan money to Smith to be used for that purpose, but it in no sense was a promoter of his building scheme within the lines laid down in *Bohn Mfg. Co. v. Kountze*, 30 Neb., 719; *Millsap v. Ball*, 30 Neb., 728; *Pickens v. Plattsmouth Investment Co.*, 37 Neb., 272; *Holmes v. Hutchins*, 38 Neb., 601, and *Hoagland v. Lowe*, 39 Neb., 397.

1. It was stipulated on the trial that on November 24, 1890, W. A. Chappell, as contractor of defendant Smith, filed the affidavit and account for a lien exhibited in the petition, upon which, at the time of the trial, there was due a balance of $765.38, and that said account and claim for a lien had been, by W. A. Chappell, assigned to plaintiff. The claim for a lien was in the form and filed as shown by the following excerpt from the brief submitted on plaintiff's behalf in this court:

· "MECHANIC'S LIEN.

"Filed November 24, 1890, at 7 A. M.

"W. H. SMITH, Dr.,          To W. A. CHAPPELL.

To material furnished and labor performed, as per contract
    hereto attached, marked 'A,' eleven hundred,  $1,100 00
To four days' work, at three dollars per day...      12 00

To furnishing material and laying of 2,108 feet
   of wall, at 18c. per cubic foot.................  $379 53

1890.                                    $1,491 53
By cash received.......................................  400 00

Balance due............................................  $1,091 53
   " Dated November 21, 1890.   W. A. CHAPPELL."

"HAY SPRINGS, NEBRASKA, September 6, 1890.

"This contract, made and entered into on this day by and between William Chappell, party of the first part, and W. H. Smith, party of the second part, witnesseth : Party of the first part agrees to build the sides and east end of a building to be located on lot 29 of block 7, in Hay Springs, Nebraska; to place the walls in the ground two feet, and walls to be eighteen inches thick and twenty-six feet high from bottom of same, and the building to be twenty-five by sixty feet, and to furnish stone, mortar, and all material for same, and to do the said work all in good, substantial, and workmanlike manner; and also to plaster said building, the whole of the lower and upper stories of said building, with good three-coat hard finish work, furnishing all material for same, and to begin said work immediately and carry on the same as fast as possible without any unnecessary delay. W. H. Smith agrees to dig trench for said wall and pay said party of the first part as said work progresses, and on completion of said work, the sum of eleven hundred ($1,100) dollars. It is agreed further that at the two front corners of said building party of the first part is to lay such stone for same as party of the second part may furnish for same.

"Witness our hands this 6th day of September, 1890.

                              " W. A. CHAPPELL.
"R. M. MAGEE.                W. H. SMITH.

"In addition to the above, parties hereto agree as follows, to-wit: That whatever is extra in amount of work

and material on account of changes in plans, the said Wm. Chappell shall be paid eighteen cents per cubic foot, and agrees to take as part pay for said work one three-year-old bay colt horse, weight about 1,050 pounds, at $125.

"W. H. SMITH.

"W. A. CHAPPELL.

"STATE OF NEBRASKA, } ss.
   SHERIDAN COUNTY. }

"I, O. H. Bailey, do hereby certify the foregoing is a true and correct copy of the original contract entered into by and between W. A. Chappell and W. H. Smith.

"Witness my hand and seal this 22d day of November, 1890.

    " [SEAL.]                O. H. BAILEY,
                               "*Notary Public.*

"THE STATE OF NEBRASKA, } ss.
   SHERIDAN COUNTY. }

" W. A. Chappell, being first duly sworn, on his oath says that the foregoing itemized account of the work, labor, skill, and materials furnished by this affiant for the said W. H. Smith under a written contract, a copy of which is hereto annexed, for the erection of a stone building on lot 29, in block 7, in the village of Hay Springs; and this affiant further says that he has, and hereby claims, a lien on the said premises for the full amount of said account, to-wit, the sum of $1,091.53, with interest thereon at the rate of seven per cent per annum from the 21st day of November, A. D. 1890; and further this affiant says not.

" W. A. CHAPPELL.

"Subscribed in my presence and sworn to before me, this 21st day of November, 1890.

    " [SEAL.]                T. S. TRIPP,
                            " *Notary Public.*

Section 3, article 1, chapter 54, Compiled Statutes, requires that " any person entitled to a lien under this chapter shall make an account in writing of the items of labor,

skill, machinery, or material furnished, or either of them, as the case may be, and after making oath thereto shall, within four months of the time of performing such labor and skill, or furnishing such machinery or material, file the same," etc. The mortgage to the Michigan Savings & Loan Association was filed for record October 27, 1890, from which time, ordinarily, the lien of the mortgage would have priority. The mechanics' lien law affords an exception to this general rule, for though the claim therefor was not filed until November 24, yet in a proper case the claim of the lienor would antedate the rights of a mortgagee under a mortgage filed a month before. To justify such priority by relation, the claimant must substantially comply with the specific statutory provisions which entitle him to this special remedy. (*Vide Richards v. Commissioners of Clay County*, 40 Neb., 45, and authorities therein cited.) In *Noll v. Kenneally*, 37 Neb., 879, the fourth paragraph of the syllabus is as follows: " The failure of an account filed to secure a mechanic's lien to state the dates the various items of materials were furnished will not vitiate the lien, if it appears from the account and affidavit thereto attached that such materials were furnished within the requisite time to entitle the claimant to a lien therefor." In neither the statement of account, the affidavit thereto attached, nor in the contract is it made to appear that the furnishing of the material or the performance of the labor was within four months previous to the date on which the claim for a lien was filed. The paragraph of the syllabus just quoted inferentially countenances very strongly the conclusion that if the claim filed wholly fails affirmatively to show that labor was performed or material furnished within such time of filing the claim, as by statute a limit is fixed for that purpose, the lien has no relation back as against other liens on the property improved. This result seems fair and is reasonable. It is consistent with the provisions of the statute, and is, therefore, adopted as the

true construction of the mechanics' lien law. The plaintiff's claim to a mechanic's lien must, therefore, be adjudged inferior to the rights of the mortgagee, the Michigan Savings & Loan Association. This result is attained only in respect of the claim of plaintiff for a lien of $765.38 on the grounds above stated. As to the other claim for $57, filed for record February 17, 1891, which also was assigned by W. A. Chappell to the plaintiff, it was conceded on the trial that the labor was performed and material furnished December 9, 1890. The mortgage to the savings and loan association, however, was filed for record October 27, 1890, a time long prior to the doing of this work and furnishing this material; hence, this mechanic's lien must also be subordinated to that of the mortgage. (*Henry & Coatsworth Co. v. Fisherdick*, 37 Neb., 207; *Hoagland v. Lowe*, 39 Neb., 397.) In respect to the claim of the Excelsior Lumber Company for a balance of $104.60, the same observations are applicable, for while there was a stipulation in open court that the material was furnished between September 22 and November 28, 1890, neither the account containing this item in gross, nor the affidavit in connection therewith, fixed the date whereon the material was in fact furnished. The claim was filed December 12, 1890, and cannot be held to relate back to a period anterior to the filing of the mortgage.

2. The claim for a mechanic's lien in favor of Ira Longcor, filed on January 22, 1891, was for 9,000 brick furnished October 17, 1890. This was before the mortgage to the Michigan Savings & Loan Association was filed for record. The mortgage lien is therefore inferor to that of Mr. Longcor. There was found by the trial court the right to a mechanic's lien in favor of the Michigan Savings & Loan Association. From this no appeal has been taken, and its priority will not, therefore, be disturbed. It ranks with the lien in favor of Ira Longcor. The trial court found that the mechanic's lien claimed by Lyon &

Boyd should be enforced as prior to the mortgage to the Michigan Savings & Loan Association. As the right to this mechanic's lien had its rise in the delivery of an iron store front on the same day on which was filed the above mortgage, the priority decreed by the court will not be disturbed.

3. The claim of the Excelsior Lumber Company, of $21.13, was for material furnished December 19, 1890; that of Anthony Doyle, of a balance of $61.50, assigned to Spargur & Fisher, was for material furnished November 12, 1890; that of Frank A. Fafek, for $85, was for material furnished December 1, 1890. The lien of the mortgage to the Michigan Savings & Loan Association, filed October 27, 1890, is, therefore, superior to each of these liens. The liens which are of equal priority between themselves and superior to all others are the mechanics' liens of Ira Longcor, of Lyon & Boyd, and of the Michigan Savings & Loan Association. The mortgage made to the association last named is second in rank and subject only to the mechanics' liens named in the sentence just preceding this. The two mechanics' liens of the Excelsior Lumber Company, that in favor of Anthony Doyle, assigned to Spargur & Fisher, and that of Frank A. Fafek, rank in the third class, each in this class being of equal priority with every other, and all being subject to the liens of the first and second classes respectively. The claims of Gilbert McNair upon the judgment of Robert McNair were decreed inferior to all the above liens, and as no steps have been taken to review this portion of the decree it will remain undisturbed.

The judgment of the district court is reversed and this cause is remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.