JAMES CHAPPELL, APPELLANT, V. WILLIAM H. SMITH ET
AL., IMPLEADED WITH MICHIGAN SAVINGS & LOAN
ASSOCIATION, APPELLEE.

FILED JANUARY 7, 1897.   No. 7463.

Stipulation as to Effect of Appeal: INTEREST: JUDGMENT. *Held*, From
an examination of the record, that the decree complained of is
warranted by the judgment of this court on a former appeal and
agreement of parties made pending such appeal.

APPEAL from the district court of Sheridan county.
Heard below before BARTOW, J.   *Affirmed.*

*Allen G. Fisher*, for appellant.

*Albert W. Crites, contra.*

POST, C. J.

This is an appeal by the plaintiff from so much of a
decree of the district court for Sheridan county as al-
lows interest upon the amount due the Michigan Savings
& Loan Association, pending an appeal by the latter from
the original decree of foreclosure. The proceeding as
instituted by the plaintiff was to enforce a mechanic's
lien for labor and material furnished in the erection of
a certain building in the village of Hay Springs, in said
county. A decree was in due time entered, by which the
equities of the plaintiff and the several defendants were
determined and from which the Michigan Savings &
Loan Association prosecuted an appeal to this court.
The appeal thus taken resulted in an order so modifying
the decree below as to give the mortgage of the appellant
priority over the lien of the plaintiff, and remanding the
cause with direction to determine the equities of the par-
ties affected, in accordance with the opinion therein filed.
(See *Chappell v. Smith*, 40 Neb., 579.) The district court,
as we infer from the briefs of counsel, upon the entry of

a second decree awarded interest in favor of the appellee association upon its mortgage debt, from the date of the original finding, to which the plaintiff excepted, and which, as already intimated, is the ground of complaint on this appeal. By agreement of parties the property which was the subject of controversy was sold pending the former appeal and the sale thereof confirmed as per stipulation, without prejudice to the rights of the appellant therein named, the proceeds of such sale, amounting to $1,500, being returned into court for distribution in accordance with the final decree in the cause.

It is argued that the second decree is erroneous (1) because the property in question was purchased by the savings and loan association through its trustee, John B. Corliss; (2) because said association having acquired title to the property, by means of its supersedeas undertaking, prevented enforcement of other liens thereon during the pendency of its appeal. It is not, according to our understanding of the record, necessary to pursue the subject by inquiring what would have been the equities of the parties in the absence of the stipulation to which reference has been made. It is sufficient for the purpose of the case actually presented that the parties in interest expressly stipulated for the sale of the property and confirmation thereof, notwithstanding the supersedeas undertaking of the defendant association; that such sale should be without prejudice to the rights of any party to appeal from the original decree; and that any party to such decree might purchase the property and receive a deed therefor. It was by said agreement further recited that the intention thereof was "to substitute the proceeds of such sale for the property affected by the decree and to hold said proceeds in court until the priorities of the parties and their rights thereto respectively may be finally determined." The necessary inference from the record is that the defendant association, as purchaser of the mortgaged property, advanced the full consideration therefor in cash, and that as such pur-

chaser its relation to the plaintiff and its co-defendants is that of a stranger to the decree. The rights of the parties were, according to their agreement, unaffected by the sale of the property pending the appeal, and it is not apparent to us in what manner the plaintiff as the holder of a subordinate lien can be prejudiced by a finding and decree in favor of the defendant association for the amount admitted to be due by the terms of its mortgage. Nor is the fact that the plaintiff was prevented from enforcing its lien pending the appeal to this court at all material, since the liability of the defendant association therefor as the appellant is measured by the terms of the supersedeas undertaking given by it.

DECREE AFFIRMED.