John W. Adams, Appellant, *v.* William H. Ford, M. D., et al. (Members of the Board of Health of the City of Philadelphia), and Sanders Newmeyer.

*Nuisance—Abatement—Power of board of health.*

The board of health in Philadelphia has final jurisdiction in determining the fact of nuisances which it orders to be removed.

A privy well may or may not be a nuisance per se according to circumstances, and the board of health has power to determine the character of such wells and to direct the necessary things to be done in order to prevent its becoming or remaining a nuisance.  If cleaning the well does not abate the nuisance the board may take the next step and order the well to be filled up.

Argued Dec. 16, 1896.  Appeal, No. 68, Nov. T., 1896, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 678, dismissing bill for injunction.  Before WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.  Affirmed.

Bill in equity to enjoin filling up of plaintiff's privy well.

The cause was heard in the court below on bill, answer and proofs under the new equity rules of 1894, and the court, BIDDLE, P. J., dismissed the bill in the following opinion:

The bill in this case was filed to restrain the board of health of the city of Philadelphia from filling up and abating a certain privy well, the existence of which after cleaning had been declared to be a nuisance prejudicial to the public health.

240      ADAMS, Appellant, *v.* FORD et al.

### FINDING OF FACTS.

The facts are not in dispute, and are admitted by both sides. The plaintiff is the owner of a dwelling-house, situate at No. 732 Carver street, and one Sanders Newmeyer is the owner of premises No. 731 South street, the rear portion of said premises adjoining the rear portion of the premises of the plaintiff. The said privy well is situated partly on the premises of the plaintiff and partly on the premises of the said Newmeyer, the said well having been used in common by the owners and occupants of the respective premises for twenty years and upwards up to the year 1894. During the month of June, 1894, said well, in pursuance of a complaint, was ordered to be cleaned by the board of health.

The well was cleaned, and subsequently the board of health, after an inspection, was of opinion that the cleaning of the well did not abate the nuisance. The said board of health thereupon ordered the well to be abandoned and filled with clean earth. The plaintiff thereupon filed this bill, praying for an injunction to restrain the board of health from filling the well, on the ground that while the board of health had authority to remove the cause of any nuisance arising from said well, by ordering it to be cleaned, scoured, or cemented, it had no power or authority to order the well to be filled. "The plaintiff offers to show that said well was similar in construction and condition to all such wells now in daily use in the city of Philadelphia, and that said well was not in itself a nuisance, and that any objection that could be made against it on the ground of its being a nuisance could be removed by cleaning, scouring or cementing it, and the plaintiff voluntarily offered to do these things." [2]

This offer was overruled, and exception was taken thereto by plaintiff.

### CONCLUSIONS OF LAW.

The court is of the opinion that the order of the board of health directing said well to be filled and the nuisance abated, was conclusive as to the question whether cleaning, scouring and cementing would remove the cause of the nuisance, and that the board of health had authority to order the well to be filled up, if, in their opinion, it was a nuisance, and that the pro-

priety of its action in that regard could not be inquired into by any court of justice in the absence of positive fraud or bad faith.   The bill is dismissed.

Bill dismissed, the court certifying that the amount involved in the bill does not exceed the sum of $1,000, exclusive of costs. Plaintiff appealed.

*Errors assigned* were, (1) in finding and holding as matter of law that the board of health had authority to order said well to be abated and filled up; (2) in rejecting plaintiff's offer of evidence as recited in the opinion of the court below; (3, 4) to the conclusions of law of the court below; (5) dismissing plaintiff's bill.

*Thomas Earle White*, for appellant.—The power given to a municipal body to abate nuisances in any manner it may deem expedient is not an unrestricted power; such means only are intended as are necessary for the public good.   The abatement must be limited by its necessity, and no wanton or unnecessary injury to the property or rights of individuals must be committed: Babcock v. Buffalo, 56 N. Y. 268; Eddy v. Board of Health, 10 Phila. 94; Phila. v. Provident Trust Co., 132 Pa. 224.

*Howard A. Davis*, with him *John L. Kinsey*, city solicitor, for appellee.—Relied on act of April 5, 1849, P. L. 346; Act of June 30, 1885, P. L. 250, and Kennedy v. Board of Health, 2 Pa. 366.

Upon the question of the right to an injunction it was decided in the case of The Iron Works v. Borough, 3 Lancaster Law Review, 107, that "the discretion of a municipal corporation will not be controlled by injunction;" and again, " to warrant the granting of an injunction to restrain municipal action, it must clearly appear that the officers of the corporation are acting in excess of the powers granted by law." Tittle v. City, 2 Pearson, 153; Mellon v. Scranton, 3 Law Times, (N. S.) 118.

OPINION BY WILLARD, J., January 18, 1897:

This case rests upon the proper construction of the acts of assembly relative to the powers and duties of the board of health of the city of Philadelphia.   The act of January 29, 1818, P. L.
        VOL. III—16

38, provides, inter alia, as follows : " It shall be the duty of the said board of health to cause all offensive or putrid substances, and all nuisances which may have a tendency in their opinion to endanger the health of the citizens, to be removed from the streets, lanes, alleys, highways, wharves, docks or any other part or parts of the city of Philadelphia, and to cause such of the privies within the limits aforesaid to be emptied or corrected with lime or otherwise at the expense of the individuals who are the owners of the houses to which the said privies are appurtenant, as the board shall from time to time deem necessary for the health of the inhabitants thereof."

The act of April 5, 1849, P. L. 346, provides, inter alia, as follows : " The board of health shall have full power and authority to remove the *cause* of all nuisances, that exist now, or may be hereafter created, in the same manner and by the same authority as the existing laws now authorize them to remove all nuisances."

This bill was filed by the appellant to prevent the filling of a privy vault or well, partly on his premises, with clean earth in order to prevent a nuisance in a thickly populated part of the city of Philadelphia. The facts found by the trial judge, which are not in dispute, show that during the month of June, 1894, said well, in pursuance of a complaint, was ordered to be cleaned by direction of the board of health; that the well was cleaned, and subsequently the board, after an inspection, were of opinion that the cleaning of the well did not abate the nuisance. The board of health thereupon ordered the well to be abandoned and filled with clean earth.

A privy well may or may not be a nuisance per se according to circumstances. According to the facts of this case, ample authority is vested by the legislature in the board of health to determine the character and location of the well in question and to order and direct the necessary things to be done in order to prevent the nuisance. By the acts of assembly that discretion is vested in the board of health, and it is not for this court to disturb or question the exercise of that discretion. In this case the board declared that the cleaning of the well did not abate the nuisance, and so it is found as matter of fact. This being so, the board had the right to take the next step and order the well filled with clean earth.

In Philadelphia v. Provident Trust Company, 132 Pa. 224, the board went one step further, and in the exercise of its discretion directed the erection of water closets and connections after having directed the cleaning of the well. This, it was held, was in excess of delegated authority. In that case it was an admitted fact that the cleaning abated the nuisance. In this case it is a matter of fact that the cleaning was not sufficient without filling, which, in its discretion, the board of health properly ordered to be done.

That "no wanton or unnecessary injury to the property or rights of individuals must be committed in the abatement of nuisances," as held in Babcock v. Buffalo, 56 N. Y. 268, is undoubted law, but the facts in this case show no wanton or unnecessary injury.

In Kennedy v. Board of Health, 2 Pa. 366, the court held that the board of health "have final jurisdiction in determining the fact of nuisances which they order to be removed." In that case the defendant maintained upon a vacant lot in Philadelphia a stagnant pool of water which the board of health deemed a nuisance and ordered the defendant to fill it with earth that the nuisance might be abated. Failing to do so, the board of health caused it to be filled with two hundred and fifty-four (254) loads of earth, and filed a lien against the lot for the recovery of the cost of filling, which on appeal was sustained. Had Kennedy been directed to clean the stagnant pool, and this means having proved ineffectual on investigation by the board of health, and the filling subsequently ordered, can it be successfully asserted that the act of cleaning could be interposed as a defense to the scire facias on the lien for the filling of the pool? We think not; this case is ruled by Kennedy v. Board of Health, supra.

The judgment of the court below is affirmed.