## DEFECTIVE LIEN FOR MACHINERY.

Circuit Court of Franklin County.

FRANK J. MACKLIN, RECEIVER, v. THE MILLER IMPROVED GAS ENGINE COMPANY.

Decided, March, 1910.

*Mechanics' Liens—Omission of Date from Statement Filed with the Recorder—Deficiency Can Not be Supplied by Parol—Paramount Importance of the Notice Feature—Equitable Rights.*

The legality of a mechanic's lien should affirmatively appear on the face of the statement filed with the recorder; and where the lien is rendered invalid by failure to state that the work was completed within four months of the filing of the affidavit, the party holding the claim will not be permitted to supply the deficiency by parol, and must submit to the loss of his lien.

*J. W. Mooney,* for plaintiff in error.

DUSTIN, J.; SULLIVAN, J., concurs; ALLREAD, J., dissents.

We regret that we are unable to take the same view of this case as the common pleas court. It seems a great hardship

that the engine company should lose the $2,500 for a failure to state the date of the labor involved in installing the engine in question which completed the contract in "furnishing" the same.

We find nothing in the statement of account, nor in the affidavit, nor in the contract, which shows or even hints that the contract may have been completed within four months of the time of filing the affidavit upon which the claim for a lien is based.

On the contrary the affidavit very explicitly states that the ". annexed is a true and correct itemized statement of the amount and values of the *labor* performed and *materials. furnished.* * * * at the *times therein mentioned*," etc.

The statement referred to shows upon its face that the materials and labor were furnished more than four months before the filing of the affidavit. It is, therefore, *prima facie* invalid.

Under such circumstances should a party be allowed, by parol, to show that the statement is incomplete, and to supply the deficiency?

In our view such a holding would destroy the whole purpose of the statute so far as it may serve as a notice to others. If a lien, invalid on its face, may be made valid by oral testimony, the statute is a delusion and a snare to subsequent purchasers and lienholders. It would hamper commercial transactions with the owner and redound to his ultimate injury, for he would not be able to obtain financial assistance, except by settlement of the lien, which may in fact, as well as upon its face, be utterly invalid. It gives the pretended as well as the real lienholder an opportunity to "hold up" all parties concerned. It would also afford an opportunity for collusion between lienholder and owner to defraud a confiding purchaser or mortgagee. In short, the door would be open to such fraud and injustice that we can not believe that the Legislature contemplated that any such construction should be placed upon the law. As to subsequent purchasers and lienholders, the party filing an affidavit should be estopped to deny the dates or amounts therein set forth.

It may be that a creditor would have the right in equity to correct his affidavit. But this is not such a proceeding. The machine company relies upon the affidavit as it stands, and in

its answer and cross-petition sets forth no errors or omissions, and seeks no corrections or additions.

The facts appeal strongly to us in behalf of the machine company. It seems to have a meritorious claim. But, to hold that it has preserved its rights by the affidavit in question, would we think be a vicious precedent, and entirely upset the notice feature of the law. We have sought in vain for some fact or phrase that would give us an opportunity to distinguish in claimant's favor. But it must suffer for the general good of the law. The requirements placed upon it were not onerous. With the facts definitely known, it was very easy to state them. A line or two was all that was necessary to preserve the lien. Omitting the same it must take the consequences.

It is argued that the statute does not require the *last* date of labor or materials furnished to be given, and authorities are cited in other states holding, under similar statutes, that the date may be supplied upon the trial. We have examined the citations, and find that in every instance the affidavit itself sets forth the fact that the labor and materials had been supplied within the statutory time for a lien. *Prima facie,* therefore, the lien was good, and the court held under the circumstances that the indefinite might be made certain.

In the case at bar, however, there is no basis for a correction; for the lien is wholly invalid upon its face; and even under a "liberal construction" we do not see how we can make it good.

We think with the court, in *Chappelle* v. *Smith,* 40 Neb., 579, that the legality of the lien should affirmatively appear in the statement, the contract, or the affidavit as filed. We cite also, *Rehrer* v. *Zeigler,* 3 Watts & Serg., 258; *Armstrong* v. *Chisholm,* 91 N. Y. Supp., 693. And the reasoning of the court appeals to us in *Shackleford* v. *Beck,* 80 Va., 573, where many cases are reviewed.

Reversed and remanded.