# Philadelphia *v.* Gouss, Appellant.

*Municipal liens—Abatement of nuisance—Notice—Averment of notice—Character of work.*

1. When a municipal claim is filed to secure a lien upon a property for the cost of abating a nuisance, it must, in order to be self-sustaining, aver a previous notice on the owner to do the work, and in the city of Philadelphia the claim must aver notice to the registered owner, if there be one.

2. When the notice is served upon one who is in fact the agent of the owner in the management of the property that is a sufficient compliance with the statutory provision.

3. An averment of notice in the claim is sufficient where it is stated that the notice was "served on the said G. the registered owner on July 24, 1907, by serving notice upon the premises, and also upon W, agent, Northwest Corner Franklin & Green Streets, and making known contents thereof to remove and abate said nuisance."

4. A municipal claim for the cost of abating a nuisance which states that the "nuisance consisted of surface drainage," and that it was abated "by diverting all drainage to sewer as per contract fifty dollars," sufficiently avers the kind and character of the work done. The Act of June 4, 1601, sec. 11, par. 7, P. L. 431, made no substantial change as to the nature of the statement of the character of the work done.

Argued Oct. 15, 1913.  Appeal, No. 119, Oct. T., 1913, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 6,328, M. L. D., refusing to strike off municipal claim in case of Philadelphia v. G. W. Gouss, George W. Gouss, Owner.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to strike off municipal claim.

The municipal claim was as follows:

"Whereas, the board of health of the city of Philadelphia have, by due proceedings, removed and abated a nuisance which they found to exist upon a lot of ground situate on the Southwardly side of Tryon Street at the distance of one hundred (100) feet Westwardly from the westwardly side of Twenty-first Street in the Seventh ward of the city of Philadelphia; containing in front or breadth on the said Tryon street fifteen (15) feet and extending in length or depth Southwardly Twenty-seven (27) feet more or less which nuisance consisted of surface drainage, by diverting drainage to sewer after notice served on the said George W. Gouss the Registered Owner on the 24th day of July 1907 by serving notice upon premises also upon S. D. Walton, Agent, N. W. cor. Franklin & Green Sts. and making known contents thereof to remove and abate said nuisance, and neglect on his part to comply therewith; which said work was completed on the 30th day of August nineteen hundred and seven in pursuance of a resolution of Board of Health approved            ; in the doing of which, on said day, the said Board of Health incurred and paid the sum of Fifty Dollars, necessary expense thereof —the following being a bill of particulars of said expense, to-wit:

"PHILADELPHIA, 8/30 1907.

"G. W. Gouss

"Page 87 To THE BOARD OF HEALTH, DR.

No. 12822.  For abatement of Nuisance at 2112 Tryon

498        PHILADELPHIA *v.* GOUSS, Appellant.

Statement of Facts—Opinion of the Court.    [56 Pa. Superior Ct.

Street By diverting all drainage to sewer as per contract $50.00.

"Now, the city of Philadelphia files in the said court this, its claim against the said owner, and against the said lot of ground, and every part thereof for the sum of Fifty Dollars, the expense incurred in the removal and abatement of said nuisance, which, with lawful interest, is claimed as a lien against the said premises, agreeably to the said Resolution and the several Acts of Assembly in relation thereto.

"J. HOWARD GENDELL,

"City Solicitor.

"per HARRY K. GRAY."

*Error assigned* was order discharging rule to strike off municipal claim.

*Horace Michener Schell,* for appellant, cited: Philadelphia v. Lewis, 22 Pa. Dist. Rep. 176; Philadelphia v. Dungan, 124 Pa. 52; Freeport Borough v. Miller, 34 Pa. Superior Ct. 395; Meadville v. Mahoney, 13 Pa. Dist. Rep. 472; Philadelphia v. Sutter, 30 Pa. 53; MacFarland v. Schultz, 168 Pa. 634.

*Henry Baur,* assistant city solicitor, with him *Michael J. Ryan,* for appellee, cited: Phila. v. Van Vrankin, 15 Phila. 213; Board of Health v. Hubert, 1 Phila. 280.

OPINION BY PORTER, J., April 20, 1914:

The board of health of the city of Philadelphia having, by regular proceedings, removed and abated a nuisance which they found to exist upon a lot of ground on the south side of Tryon street filed a lien for the amount of the expense of the work against the lot and the appellant, the registered owner thereof. A scire facias was issued upon this claim, which was returned in due form as served upon the only person in possession of the property, and by advertising as required by law, and nihil habet as to the defendant. Judgment was

entered in this proceeding, on January 24, 1913, for want of an affidavit of defense. The appellant, on March 24, 1913, moved the court to strike off the claim, upon the grounds that it did not set forth service of notice on the registered owner, and when and how such notice was given and that it did not set forth the kind and character of the work done. The court granted a rule to show cause why the claim should not be stricken off, which rule it subsequently discharged, and from that order the defendant appeals.

It is conceded that in order to charge the owner of the premises for the abatement of a nuisance thereon, under the Act of January 29, 1818, 7 Sm. 'Laws 5, and the supplements thereto, the owner must have previous notice to do the work. When a claim is filed to secure a lien upon the property for the cost of abating a nuisance it must, in order to be self-sustaining, aver such notice, and, in the city of Philadelphia, the claim must aver notice to the registered owner, if there be one: Philadelphia v. Dungan, 124 Pa. 52. The legislation is silent as to the manner of the service of notice. Notice, in such a case, is knowledge, or information legally equivalent to knowledge, brought home to the party notified in immediate connection with the subject to which the notice relates: Black v. Roebuck, 17 Pa. Superior Ct. 324. The statutes do not require that the notice shall be served personally upon the owner, and, in such case, notice by letter addressed to him is, if received, sufficient: Smith v. Kingston Boro., 120 Pa. 357. When the notice is served upon one who is in fact the agent of the owner in the management of the property, that is a sufficient compliance with the statutory provision: Washington Boro. v. Smith, 14 Pa. Superior Ct. 590. The claim in the present case averred that the notice was "served on the said George W. Gouss, the registered owner, on the 24th day of July, 1907, by serving notice upon the premises also upon S. D. Walton, agent, northwest corner Franklin and Green Streets, and making

known contents thereof, to remove and abate said nuisance." We are of opinion that this was a sufficient averment of notice to Walton, as the agent of Gouss the registered owner, this appellant.

The contention that the claim does not sufficiently state the kind and character of the work done is also without foundation. The claim states that the "nuisance consisted of surface drainage," and that it was abated, "By diverting all drainage to sewer as per contract, fifty dollars." There is no statute requiring claims of this character to be stated with the same detail as to the amount of work done, and amount and quality of materials furnished as is required of a subcontractor who files a mechanic's lien, against a property with the owner of which he has had no contract relation: Kennedy v. Board of Health, 2 Pa. 366; Philadelphia v. The Gratz Land Co., 38 Pa. 359; Board of Health v. Hubert, 1 Philadelphia, 280; City v. Van Vrankin, 15 Philadelphia, 213. The statutes in force at the time of the above decisions require that the claim state the character of the work done, and in this requirement the act of June 4, 1901, sec. 11, paragraph 7, P. L. 431, has made no substantial change. The paragraph of the act of June 4, 1901, stating the form in which the municipal claims must be filed, referred to, is as follows: "In other than tax claims, the kind and character of the work done, for which the claim is filed, and if the work be such as to require previous notice to the owner to do it, when and how such notice was given." This paragraph of the statute does not involve any departure from the pre-existing rule as to the statement of the character of the work done; nor did it impose any limitation as to the manner in which notice to abate a nuisance might be given. The only change which this paragraph of the statute requires in the form of claims filed for the abatement of a nuisance is that the claim shall state "when and how such notice was given."

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.