Philadelphia, to use, *v*. Watt et ux., Appellants.

Argued October 6, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Israel Packel,* for appellants.

*Michael H. Egnal,* with him *Milton E. Selig,* for appellee.

*G. Coe Farrier,* Assistant City Solicitor, with him *E. Louis Rosen, Karl I. Schofield,* Assistant City Solicitors and *Frank F. Truscott,* City Solicitor, for City of Philadelphia, amicus curiæ.

OPINION BY HIRT, J., March 16, 1948:

Defendants have owned a parcel of land in Philadelphia fronting on Olney Avenue for twenty-eight years. During all of that time a strip sixteen feet wide across the rear of their lot has been a part of a private driveway connecting Fifteenth Street with Chew Street. Under date of March 26, 1943 the Board of Health of the City of Philadelphia gave defendants written notice of a resolution adopted by it to the effect that, because of improper grading and defective paving, the driveway had been "declared to be a nuisance, having a tendency

to endanger and be prejudicial to the public health". The board proceeded in accordance with the Act of July 11, 1923, P. L. 1032 as amended May 17, 1939, P. L. 151, 53 PS 3681. When the resolution of the board was certified to the Department of Public Works, that municipal agency on August 14, 1945 directed the defendants in writing to pave the driveway in the rear of their land with concrete "within (10) days from the Date of Service of This Notice". The notice recites: "This work is to be done in conjunction with the adjoining property owners by a registered Curb and Footway Contractor, and to the lines and grades as given by the Bureau of Engineering, Surveys and Zoning". On the reverse side of the notice sections 1 and 5 of the 1939 Act were quoted in full.

Neither the defendants nor their neighbors, who were similarly served, took any action in response to either of the above notices. The city, on October 31, 1945, after a delay of more than two months, contracted with the use-plaintiff to repave the driveway with concrete to grades established by the city. The actual work was not begun until the following March and was not completed until April 15, 1946. The defendants were assessed their proportionate cost of the improvement by the foot-front rule and on July 22, 1946 a municipal claim was filed against their land for the amount of the assessment in accordance with the Act of May 16, 1923, P. L. 207, as amended, 53 PS 2021 et seq. Scire facias was issued on the municipal claim, to which the defendants filed their affidavit of defense. The issue was tried before Judge Kun without a jury and resulted in a judgment for the use-plaintiff in the amount of the claim as filed.

The testimony shows that the court found: that a portion of the driveway, paved with concrete many years ago, had disintegrated and had become broken up; that there were many holes in the driveway throughout its length and many loose stones (of considerable size

according to the photograph in evidence) in the cartway; that surface water collected and stood in the holes and on parts of the driveway because of improper drainage. In addition to connecting two streets, the driveway was the means of access to private garages abutting it. There is little difference of opinion on the facts; the serious questions are of law.

It is contended that the Act of July 11, 1923, P. L. 1032 as amended by the Act of May 17, 1939, P. L. 151, 53 PS 3681 et seq., under which the city by its Department of Public Works proceeded to abate the nuisance found to exist, is unconstitutional in that it violates the due process provisions of both the Federal and State Constitutions. The 1939 Act empowers boards of health in cities of the first class to declare "any private alley or driveway and/or retaining wall appurtenant thereto, to be a nuisance by reason of improper grading or defective paving . . ." and, upon declaring the existence of a nuisance to so certify to the Department of Public Works. That department is empowered "to abate said nuisance upon the neglect or refusal of the registered owners . . . to abate said nuisance within ten days after service of notice, by the said Department of Public Works, upon the said registered owners so to do . . ." In abating the nuisance under such circumstances the Act authorized the department to "grade, pave or repave" the driveway in accordance with lines and grades established by competent municipal authority. The Act also empowers the department to charge the cost of the work "upon the said owners in proportion to the width of their properties . . . or in any other proportions as may, under the facts and circumstances of the case, be deemed just and proper . . ." And finally, the department is authorized to cause liens to be filed against the land of an owner, on his failure to pay a claim, "in the name of the city, in the manner and according to the practice prescribed by law with respect to Municipal

claims". It is conceded that, as to procedure, the Act was complied with in this case.

The presumption raised by the Statutory Construction Act of May 28, 1937, P. L. 1019 in Article IV, §52(3), 46 PS 552(3) : "That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth" is but declarative of an immemorial rule. And courts are bound to give effect to a statute unless it clearly appears that the legislation is within a constitutional prohibition. *Brereton Estate,* 355 Pa. 45, 48 A. 2d 868. The nature and quality of the authority in a board of health to abate a nuisance is no longer open to question. In the oft-quoted case of *Paris v. Philadelphia,* 63 Pa. Superior Ct. 41, President Judge ORLADY, speaking for this Court, said: "The preservation of the public health is uniformly recognized as one of the paramount objects of government, and a most important municipal function. . . . Municipalities are allowed a greater degree of liberty in legislation in this direction than any other: Gundling v. Chicago, 176 Ill. 340; 28 Cyc. 709. It has been held by courts of high repute, that there is no limitation of legislation from enlarging the category of public nuisances, or declaring places or property used to the detriment of, or to the injury of the health, morals or welfare of the community as public nuisances, although not such at common law—Lawton v. Steele, 119 N.Y. 226; Grossman v. Oakland, 36 L.R.A. 593—and notes. A strong abuse of authority must be shown to induce a court to interfere with the decision of a Board of Health". This is the settled law of this State. *Lutz v. Dept. of Health,* 304 Pa. 572, 156 A. 234; *Tri-Cities Water Co. v. Monessen,* 313 Pa. 83, 169 A. 159; *Hayward v. Samuel et al.,* 354 Pa. 266, 47 A. 2d 251.

Of course, the jurisdiction of the board of health depends upon the existence of a nuisance and that question is always open to judicial inquiry. This was a private driveway but the fact that it connected two city

streets was an invitation to the public to make use of it. Under the defendants' testimony it was "used constantly" not only by owners of the land for access to their garages abutting it, but by others, and the photograph in evidence shows a well worn cartway. Disease or injury from accident were not unlikely to occur because of the defective driveway. Conditions which *tend* to prejudice public safety or health are as much subject to abatement as are nuisances which have actually resulted in public injury. *Eckels v. Weibley,* 232 Pa. 547, 81 A. 645. The nuisance here was established and the board of health cannot be charged with an abuse of discretion in so declaring.

There is no ground for defendants' complaint of lack of due process in the present proceeding. In general, "The summary action upon notice by the board, in the abatement of a nuisance, *does not contravene the constitutional rights of private property, but is a necessary exercise of police power"*: Paris v. Philadelphia, supra, p. 47. The defendants had every opportunity to vindicate their rights throughout the proceeding. Defendants were heard, first on a rule to strike off the lien, and again on a rule for judgment for want of a sufficient affidavit of defense, and finally at the trial on the merits. *Phillips v. Commissioner of Internal Revenue,* 283 U.S. 589, 51 S. Ct. 608.

It cannot be asserted that defendants were prejudiced in their constitutional rights because of the notice given to them to abate the nuisance "within ten days". The statute provided for such notice to be given the defendants by the Department of Public Works and the statute in that respect was strictly complied with in this proceeding. Of course ten days is too short a period within which a new concrete pavement could have been constructed but that was not contemplated. The Act did not intend the impossible. Common sense has its place in the construction of statutes. And all that was necessary within the ten-day period was some act on the part

of the defendants indicating that they intended to comply with the notice by abating the nuisance within a reasonable time. Actually the defendants were in no way injured. The notice was given on August 14, 1945. They had two months thereafter in which to initiate a process of abatement. It was only because they did nothing that the city on October 31, 1945 entered into the paving contract which resulted in the lien in question.

A board of health cannot unreasonably prescribe the method of abating a nuisance on a private way. 17 Am. Jur., Easements, §102; *Durgin v. Minot,* 203 Mass. 26, 89 N.E. 144, 24 L.R.A. (N.S.) 241. "the general rule undoubtedly is that the abatement must be limited by necessity, and no wanton and unnecessary injury must be committed": *Lawton v. Steele,* 119 N.Y. 226, 23 N.E. 878, affirmed 152 U.S. 133, 14 S. Ct. 499. But, in the interest of the public welfare, the broad power of a board of health to abate a nuisance necessarily implies some latitude in determining the method of its abatement. Cf. *Adams v. Ford et al.,* 3 Pa. Superior Ct. 239; *Kennedy v. Board of Health,* 2 Pa. 366, cited with approval in *Hayward v. Samuel et al.,* supra. Paving with a hard surface material is the present generally accepted method of constructing private as well as public driveways. And it is a reasonable inference in this case that the nuisance could be effectually and permanently abated only by regrading the driveway and paving its surface. The defendants might have interposed the defense that a concrete pavement entailed unnecessary expense in comparison with the lower cost of other suitable paving materials. But proof to that effect is entirely lacking in this case. The Act empowers the board of health to abate the nuisance by grading and paving the driveway. The statute in this respect is entitled to the presumption of constitutionality (*Brereton Estate,* supra) and in the absence of proof to the contrary we must assume that paving with concrete was reasonably necessary to abate the nuisance in this case.

The case of *Durgin et al. v. Minot et al.,* supra, upon which appellants so strongly rely, is distinguishable. In that case, the statute authorizing the board of health of the City of Boston to repave private alleyways or easements, did not specifically require the finding of a nuisance; did not require that notice to abate be given the landowner prior to abatement by the public authorities; and contained no definite or fixed standard as to the manner of abatement. For these reasons the *Durgin* case, although analogous is not persuasive here.

Finally there can be no legal objection to the lien as filed under the Act of May 16, 1923, P. L. 207, as amended, 53 PS 2021, et seq. The 1939 Act provides that the owners shall be charged for the cost of the paving "in proportion to the width of their properties". The improvement here was a pavement of uniform width and an assessment of defendants' land under the front-foot rule therefore was proper as the most equitable method of apportioning the cost, under the circumstances. *Harrisburg v. McPherran,* 14 Pa. Superior Ct. 473, Cf. *Morewood Avenue, Chamber's Appeal,* 159 Pa. 20, 28 A. 123.

We agree with the lower court that judgment was properly entered for use-plaintiff in this case.

Judgment affirmed.