Statement of Facts.


# PHILADELPHIA v. PROVIDENT ETC. TRUST CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 23, 1890—Decided February 3, 1890.

While the Board of Health of Philadelphia has power to declare and abate
public nuisances: Kennedy v. Board of Health, 2 Pa. 366, and may re-
quire privy-wells to be cleaned and purified, yet they have no power to
demand the construction of water-closets and connections, so as to
charge the lot-owners with the cost thereof upon a municipal claim for
lien.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

Nos. 6, 7 January Term 1890, Sup. Ct.; court below,
Nos. 124, 125 September Term 1885, C. P. No. 3.

On December 21, 1885, an amicable action, as in a scire
facias sur municipal claim, was begun by the city of Philadel-
phia against the Provident Life & Trust Company, Eliza Bou-
vier, et al., registered owners.   Issue.

At the trial of this cause and another like it, together, on
November 15, 1888, the plaintiff put in evidence municipal
claims, against certain lots described, reciting that the Board
of Health of the city of Philadelphia had removed nuisances
therefrom, consisting of foul privy-wells, after due notice to
the owners to remove said nuisances, and non-compliance with
said notice on their part, which work was done on May 30,
1885, and in the doing of it the Board of Health had incurred
an expense to certain amounts for abating nuisances and con-
structing proper water-closets, for which the claims were filed
as liens upon said properties.   The plaintiff then rested.

The defendants put in evidence an agreement of the parties
that the Board of Health had served notices upon the defend-
ants which were as follows :

" You are hereby notified and required to have immediately
removed a certain nuisance on the above described property
arising from a full privy-well; to be abandoned, cleaned to the
bottom, filled with clean earth, and water-closets constructed

### Opinion of the Court.

with proper trap and sewer connections; which nuisance has been declared to have a tendency to endanger and be prejudicial to the public health ; on failure to do and perform which, the said nuisance will be removed at your expense, and a lien entered agreeably to the provisions of the act of assembly.

" By order of Board of Health."

That defendants failed to comply therewith ; that plaintiff then employed a contractor, who cleaned out the wells complained of, filled them up with earth, and constructed hopper water-closets; that after the wells were emptied and filled up by the Board of Health, the influence previously existing threatening public health was thereby for the time abated, and no further ill effect could be apprehended therefrom, until the occupants of the premises should again make use of the spot where the wells had been by the deposit of filth thereon. The defendants had paid for the cleaning of the wells, but refused to pay for the water-closets.

At the close of the testimony the court instructed the jury to return verdicts for the defendants.* Such verdicts having been rendered, judgment was entered thereon, when the plaintiff took these appeals, assigning said instruction for error.

*Mr. E. Spencer Miller,* Assistant City Solicitor (with him *Mr. Charles F. Warwick,* City Solicitor), for the appellant.

Counsel cited: Kennedy v. Board of Health, 2 Pa. 366; Wistar v. Addicks, 9 Phila. 145.

*Mr. Francis Rawle* (with him *Mr. Sydney G. Fisher*), for the appellees.

Counsel cited: Smith v. Spooner, 3 Pick. 229; Baugh v. Sheriff, 7 Phila. 82; Haugh's App., 102 Pa. 42 ; act of January 29, 1818, 7 Sm. L. 5; act of April 5, 1849, P. L. 346; act of June 3, 1885, P. L. 56.

PER CURIAM:

We have no doubt of the power of the board of health to

---

* It should be observed that in most of the minor cases, which when decided are not ordered " to be reported," the cause is very meagrely presented, and, as in this case, the grounds of the instruction of the court below are not shown.

declare and abate nuisances. So much was decided in Kennedy v. Board of Health, 2 Pa. 366. It was therefore competent for said board to declare the privies in question public nuisances; and, as they had a tendency to endanger the public health, the board acted strictly in the line of their duty in ordering them to be cleaned and purified, and in charging the owners of the premises with the cost thereof. All this is not disputed. But when the board proceeded further, and ordered water-closets to be constructed by the owners, we think they exceeded their powers. At least, no such authority has been exhibited to us, and we cannot assume it to exist without evidence.

The act of April 5, 1849, was called to our attention, but it does not meet the difficulty. It is true, it authorizes the board of health " to remove the cause of all nuisances that now exist, or may hereafter be created." But the cause of this nuisance was not the privy-well itself, but its contents. The mere hole in the ground was not a nuisance. When, therefore, the well was cleaned and purified, the cause of the nuisance was removed. It is true, it might become a nuisance again. In such event, it would require to be again cleaned. The order requiring the owners to put in water-closets, if sustained by this court, might be far-reaching in its consequences, and lead to serious and obvious abuses. Their power to do so, as before stated, has not been shown.

We are of opinion the court below did not err, in giving the jury a binding instruction to find for the defendants.

Judgment affirmed.