(75 South. 471)

COKER et al. v. FOUNTAIN et al.
(3 Div. 201.)

(Supreme Court of Alabama. April 19, 1917. Rehearing Denied May 24, 1917.)

1. APPEAL AND ERROR ⊙═1 — NATURE OF RIGHT TO APPEAL.

Appeal is a remedy of purely statutory creation, and entirely within the legislative control.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1–4.]

2. APPEAL AND ERROR ⊙═1—VESTED RIGHTS —RIGHT OF APPEAL.

An appeal is a part of the remedy, and not a vested right.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1–4.]

3. STATUTES ⊙═276(1) — REPEAL — EXISTING ACTIONS.

Where a law conferring jurisdiction is repealed without reservation as to pending cases, such cases fall with the law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 371.]

4. APPEAL AND ERROR ⊙═338(2) — TIME OF TAKING APPEAL—STATUTE—REPEAL—EXISTING ACTIONS.

Under Gen. Acts 1915, p. 711, providing that an appeal under Code 1907, §§ 2837–2895, must be taken within six months, an appeal, prosecuted more than a month after passage of the act, and more than six months after judgment, was not taken within the time required by law; the act containing no saving clause as to pending cases.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1880–1882.]

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Suit between Sam W. Coker and others and W. A. Fountain and others, in which the former appeal. The cause was submitted upon motion to dismiss the appeal as well as on the merits. Appeal dismissed.

H. H. McClelland, of Monroeville, for appellants. Steiner, Crum & Weil, of Montgomery, Powell & Hamilton, of Greenville, and C. S. Rabb and Page, McMillan & Brooks, all of Evergreen, for appellees.

GARDNER, J. This cause was submitted on motion to dismiss the appeal, as well as on the merits. One of the grounds of the motion is that the appeal was not taken within the time prescribed by the statute. The judgment in this cause was rendered April 7, 1915, and the appeal taken November 11, 1915. The act of September 22, 1915 (General Acts 1915, p. 711), provides as follows:

"That any appeal taken under the provisions of chapter fifty-three (53) of the Code of Alabama of 1907, must be taken within six months from the rendition of the judgment or decree."

In Mazange v. Slocum & Henderson, 23 Ala. 668, it was held that an appeal was a new proceeding, "the commencement of proceedings in this court to revise the final action in the court below, and cannot be regarded as the continuation of proceedings in the primary court."

[1] This court has further uniformly held that appeals are entirely of statutory creation. Ex parte Jonas, 186 Ala. 567, 64 South. 960.

[2] In Poull & Co. v. Foy-Hays Const. Co., 159 Ala. 453, 48 South. 785, it was also held that an appeal was a part of the remedy and not a vested right. The authorities therein cited fully sustain the holding, particularly the case of R. R. Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231.

Being a remedy of purely statutory creation, it was a matter entirely within the legislative control, and the Poull Case, supra, clearly demonstrates that but for section 10 of the Code, the motion to dismiss the appeal would have prevailed.

[3] The question is one involving the jurisdiction of the court, and in R. R. Co. v. Grant, supra, it was said:

"It is equally well settled that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law."

In the Poull Case, supra, the opinion cites Elliott's Appellate Procedure, § 76, which fully sustains the conclusion there stated. See, also, note 1, to said section, wherein is cited, among other authorities, Ex parte McCardle, 7 Wall. 506, 19 L. Ed. 264.

We have recently had this same question presented in Tenn. River Navigation Co. v. Grantland, 199 Ala. 674, 75 South. 283 (present term), which is decisive of this motion.

[4] The appeal here was prosecuted more than a month after the passage of the act of September 22, 1915, and much more than six months from the rendition of the judgment. The act of September 22, 1915, contained no saving clause.

Under the authorities of this court, therefore, the appeal was not taken within the time allowed by law, and the motion to dismiss the same must prevail.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes