145 So. 582

## BARKLEY v. STATE.

### 7 Div. 924.

Court of Appeals of Alabama.

Feb. 14, 1933.

J. A. Johnson, of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The proceedings were originally instituted in the juvenile court of De Kalb county before Hon. G. L. Malone, as judge of said court. Upon his trial in the juvenile court he was found guilty as charged, and a proper judgment was duly entered. From this judgment the defendant took an appeal, filing a bond to the circuit court of De Kalb county. Upon the case being reached on the docket, there was a judgment entered dismissing the cause, and from this judgment of dismissal this appeal is taken.

 Appeal is a remedy of purely statutory creation, and is entirely within legislative control, and can be limited, restricted, or abolished by the Legislature so long as it does not contravene the authority of the Supreme Court to superintend and control inferior tribunals as provided by Constitution 1901, § 140. Coker v. Fountain, 200 Ala. 95,

**330**

75 So. 471; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

■ The original jurisdiction of the offense charged in this complaint is in the juvenile court of De Kalb county, and the appellate jurisdiction is fixed by acts of the Legislature 1927 and specifically in said act in section 17 thereof as being in the De Kalb county court. Local Acts 1927, pp. 93, 97, et seq., § 17.

By the above act the De Kalb county court is given the exclusive jurisdiction of all appeal cases from justice of the peace and all other inferior courts of De Kalb county.

There is nothing to indicate that the clerk of the De Kalb county court, who was also the clerk of the circuit court, had by mistake entered the cause on the docket of the circuit court. On the contrary, the bond filed by appellant designates the circuit court as the court to which the appeal was taken.

The circuit court entered the only order within its jurisdiction, and the judgment must be affirmed.

Affirmed.