224 So.2d 655

Earle C. MOODY et al., etc.

v.

Paul BARRENTINE.

4 Div. 336.

Supreme Court of Alabama.

June 12, 1969.

C. R. Lewis, Dothan, for appellant.

Ramsey & Ramsey, and J. Theodore Jackson, Dothan, for appellee.

MERRILL, Justice.

This appeal is from a judgment awarding a peremptory writ of mandamus to the governing body of the City of Dothan ordering them to furnish water and electrical current to a house owned by appellee. This is a companion case to that of Wheat v. Ramsey, 284 Ala. 295, 224 So.2d 649, decided.

No oral testimony was taken in this case. It was submitted upon the record and stipulations of the parties.

Appellee Barrentine owns a house and lot in Dothan known as 1106 Enterprise Street. He rented same to a tenant who deposited $18.00 with the City of Dothan as a required deposit and requested the city to furnish water and electricity to the house. The petition for writ of mandamus alleged that the city wrongfully refused to furnish same.

It is alleged that the city is engaged in the activity of furnishing water and electrical current to residential property and has previously furnished same to the house owned by appellee. It is further alleged that after the city's employees refused such services appellee met with appellants, who are members of the City Commission, and again requested them to furnish such services which appellants refused to do. The petition further alleges that appellants refused to furnish such services and appellants demanded that appellee install a water heater, bath tub and lavatory in his house as a condition precedent to furnishing the services.

The answer set out the adoption of Ordinance No. 3227 which adopted Southern Standard Housing Code of 1965, of which we quote pertinent sections:

"301.2 No person shall occupy as owner-occupant or let to another for occupancy, any vacant dwelling, dwelling unit, apartment or any space designed or intended to be used for the purpose of living, sleeping, cooking, or eating therein which does not comply with the requirements of this Code and for which a valid Certificate of Occupancy has not been issued."

"302(b)  Each dwelling unit shall contain not less than a kitchen sink, lavatory, tub or shower and a water closet, all in good working condition and installed in accordance with the Adopted Plumbing Code."

"302(e)  Every dwelling unit shall have connected to the kitchen sink, lavatory, and tub or shower an adequate supply of both cold water and hot water.

All water shall be supplied through an approved pipe distribution system connected to a potable water supply."

"302(f)  All hot water heating appliances shall be installed according to the Plumbing Code adopted by the Applicable Governing Body and shall be capable of supplying a continuous source of hot water, on demand, to all the required fixtures at a temperature of not less than 120° Fahrenheit."

"104.1(c)  The Applicable Governing Body shall not provide, nor permit another to provide (either public or private) utility services such as water, gas, electricity, sewer, etc., to any substandard dwelling unit becoming vacant until such dwelling unit has been inspected, brought into compliance with this code and the Building Code, and a valid Certificate of Occupancy as required, has been issued. This requirement shall not preclude the temporary use of such utility services as may be deemed necessary during construction, repair or alteration. The Building Official shall be responsible for making the determination as to when such 'temporary services' may be necessary."

It was also shown that appellee Barrentine was informed by the Housing Inspector of the City of Dothan that his house at No. 1106 Enterprise Street in Dothan did not comply with the requirements of the Southern Standard Housing Code on February 7, 1968, and the Housing Inspector was told by Barrentine at that time that he, appellee, knew the requirements of the Housing Code and did not desire a list of deficiencies; and on April 9, 1968, appellee was informed by the Board of Commissioners of the city that the proper procedure for him to follow would be to appeal from aforesaid action of the Building Official of the city, in refusing to issue him a Certificate of Occupancy for his house, to the Housing Board of Adjustments and Appeals of the city. Neither Barrentine nor his prospective tenant appealed to the Housing Board of Adjustments and Appeals from the decision of the Building Official.

It is argued that neither Barrentine nor his prospective tenant had exhausted their administrative remedies because they went for relief directly to the city governing body rather than to the Housing Board of Adjustments and Appeals. But we lay that question aside since the appeals in the two companion cases were consolidated, and the ruling in Wheat v. Ramsey, 284 Ala. 295, 224 So.2d 649, is decisive of this appeal also. Based upon the authority of that case, we hold that the peremptory writ of mandamus was improperly issued and the judgment of October 30, 1968 is hereby set aside and held for naught and the peremptory writ of mandamus issued in compliance with the judgment is hereby vacated. The cause·is remanded for the proper entries in the trial court.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.