BURKE, Judge.
Catherine Armstrong Bell appeals the circuit court’s denial of her petitions for expungement, see § 15-27-1 et seq., Ala. Code 1975, of the records in four consolidated cases charging violations of § 13A-6-81, Ala.Code 1975,[1] in three of the cases[2] and a violation of § 13A-6-81, Ala. Code 1975,[3] in one case. The cases were dismissed with prejudice more than 90 days before the petitions for expungement were filed and none of the charges had been refiled. Bell stated in the petitions that she had not previously moved for expungement. Bell argued that the cases were dismissed because the alleged victim admitted that the crimes had never occurred. She attached documents as exhibits to her petitions in support of her argument.
*963 In its response, the State argued that the petitions should be denied because the offenses in three of the cases that had been dismissed were nonconsensual sex offenses and the last case, a misdemeanor, involved an offense that was particularly reprehensible. Therefore, the State argued, under § 12-25-32(14)b.3. and 4., Ala. Code 1975, the records in the cases could not be expunged.
Bell responded that, because the events never occurred, the cases could not meet that criteria for exclusion from expungement. Thereafter, the circuit court denied the petitions, stating that the charges were excluded by the provisions of § 15-27-2(a), Ala.Code 1975.[4]
Bell appealed the denials to the Alabama Supreme Court and that Court transferred the appeal to the Alabama Court of Civil Appeals, rescinded the transfer, and then transferred the case to this Court.
However, “[t]he right to appeal is purely statutory, and an appeal taken without statutory authority must be dismissed for want of jurisdiction. Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397; Coker v. Fountain, 200 Ala. 95, 75 So. 471. The Legislature determines the right to appeal to state courts.” Wheat v. Ramsey, 284 Ala. 295, 301, 224 So.2d 649, 654 (1969). See also James v. Alabama Bd. of Pardons & Paroles, 617 So.2d 277 (Ala.Civ.App.1993).
There is no provision in Chapter 27 of Title 15, “Expungement,” for a direct appeal of the denial of a petition for ex-pungement. Rather, § 15-27-5(e), Ala. Code 1975, states: “The ruling of the court shall be subject to certiorari review and shall not be reversed absent an abuse of discretion.” Levins v. State, [Ms. CR-15-0612, April 29, 2016] — So.3d-(Ala. Crim.App.2016).[5] Filing a petition for writ of certiorari in the Alabama Supreme Court is governed specifically by Rule 39, Ala. R.App. P, which speaks to review of decisions of the Alabama Court of Civil Appeals, as well as this Court’s decisions, and includes filing procedures addressed specifically to the clerk of the Alabama Supreme Court. Rule 39 was clearly promulgated to address review of appellate court decisions by the Alabama Supreme Court by way of petitions for writ of cer-tiorari. Because the filing of such a writ in this Court is not specifically addressed by the Alabama Rules of Appellate Procedure, Rule 21(c), Ala. R.App. P., should apply. That rule states:
“(c) Other Extraordinary Writs. Application for extraordinary writs other than those provided for in subdivisions (a) and (b) of this rule shall be made by petition filed with the clerk of the appellate court having jurisdiction thereof with proof of service on the parties named as respondents. Except in the Court of Criminal Appeals, the petition shall be accompanied with payment of the docket fee as prescribed in Rule 35A. Proceedings on such application shall conform, so far as is practicable, to the procedure prescribed in subdivisions (a) and (b) of this rule.”
Thus, the petition shall comply in form and timing with Rule 21(a), Ala. R.App. P. The procedure for deciding the petition shall be governed by Rule 21(b), Ala. R.App. P.
Because there was no statutory right of appeal from the denial of Bell’s petitions *964 for expungement, this appeal must be dismissed for want of jurisdiction.
APPEAL DISMISSED.
WINDOM, P.J., and WELCH and JOINER, JJ., concur.
KELLUM, J., concurs in the result.

. Section 13A-6-81, Ala.Code 1975, prohibits a school employee from engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years. It is a Class B felony.

. There were six charges contained in these three cases,

.Section 13A-6-82, Ala.Code 1975, prohibits a school employee from having sexual contact with a student under the age of 19 years. It is a Class A misdemeanor.

. By citing § 15-27-2(a), the circuit court apparently found that Bell's felony charges were "violent offenses" as defined in § 12-25-32(14), Ala.Code 1975.

. Levins v. State, which is being released the same date as this opinion, distinguishes an appeal and a petition for writ of certiorari and finds that the denial of a petition for expungement can not be challenged by way of a direct appeal.