Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

————————————————

## CR-2023-0434

————————————————

## Ex parte C.M.

## PETITION FOR WRIT OF CERTIORARI

## (In re: State of Alabama

## v.

## C.M.)

## (Cleburne Circuit Court, CC-22-335)

COLE, Judge.

C.M.[1] asks this Court -- in what she styled as a petition for a writ of mandamus -- to direct the circuit court to vacate its judgment denying

———————————

[1]Due to the nature of this petition, initials are used to protect the petitioner's anonymity.  See Rule 52, Ala. R. App. P.

her request to have her two guilty-plea convictions for second-degree assault expunged under § 15-27-2, Ala. Code 1975. C.M. argues that, because she committed those crimes while she was a victim of human trafficking, her convictions are "eligible for expungement under § 15-27-2(a) and (b)." (C.M.'s petition, pp. 11-12.) However, the plain language of § 15-27-2(a) and (b), Ala. Code 1975, does not allow for C.M.'s second-degree-assault convictions to be expunged. For the following reasons, we deny the writ.

<u>C.M.'s Petition and the Standard of Review</u>

Although she styled her filing in this Court as a petition for a writ of mandamus, a mandamus petition is not the mechanism by which to challenge a circuit court's judgment under § 15-27-2. Section 15-27-5(c) makes it clear that "[t]he ruling of the court shall be subject to <u>certiorari review</u>." (Emphasis added). Thus, C.M.'s petition challenging the circuit court's judgment denying her request to expunge her criminal convictions is, in substance, a petition for a writ of certiorari, not a petition for a writ of mandamus.

C.M.'s mislabeling of her petition is not fatal to her petition or to this Court's review of her petition. Rather, this Court is duty-bound to

2

"treat an action according to its substance and not its style." Cook v. Alabama Dep't of Corr., [Ms. CR-2022-0927, May 3, 2023] ___ So. 3d ___, ___ (Ala. Crim. App. 2023) (citing Ex parte Deramus, 882 So. 2d 875 (Ala. 2002)). Thus, we treat C.M.'s petition for a writ of mandamus as a petition for a writ of certiorari.[2]

In so doing, we recognize that we will not reverse the circuit court's judgment in this case "absent a showing of an abuse of discretion." § 15-

---

[2]We recognize that in both Bell v. State, 217 So. 3d 962 (Ala. Crim. App. 2016), and Levins v. State, 285 So. 3d 250 (Ala. Crim. App. 2016), this Court dismissed the direct appeals filed by Bell and Levins from the circuit courts' judgments denying their motions to expunge their records, and, in those cases, this Court did not treat their filings according to their substance. In those cases, however, this Court explained that their appeals had to be dismissed because there existed no statutory right to file a notice of appeal from the judgments, and that a petition for a writ of certiorari is governed by Rule 21(c), Ala. R. App. P.

Here, unlike in Bell and in Levins, C.M. did not file a notice of appeal challenging the circuit court's judgment. She filed a petition for a writ of mandamus under Rule 21(a), Ala. R. App. P. Because a petition for a writ of certiorari filed under Rule 21(c) must "conform, so far as it is practicable, to the procedure prescribed [for writs of mandamus] in subdivisions (a) and (b) of" Rule 21, C.M. properly invoked the supervisory jurisdiction of this Court to issue a remedial writ, even though she mislabeled her petition. See Ex parte Nice, 407 So. 2d 874, 876 (Ala. 1981) ("The Court of Criminal Appeals has authority to issue such remedial and original writs as are necessary to give it a general superintendence and control of the circuit courts in criminal matters, over which it has exclusive appellate jurisdiction.").

3

27-5(c), Ala. Code 1975. Furthermore, "'"[a] judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision."'" Ex parte Khouly, 332 So. 3d 938, 940 (Ala. Crim. App. 2021) (quoting Ex parte Steinberg, 294 So. 3d 835, 838 (Ala. Crim. App. 2019), quoting in turn Albarran v. State, 96 So. 3d 131, 198 (Ala. Crim. App. 2011)).

Facts and Procedural History

On November 7, 2022, C.M. filed in the Cleburne Circuit Court a "Petition For Expungement," in which she alleged that, on May 15, 2015, while she was a victim of human trafficking, she committed, and was later convicted of, several criminal offenses, including two counts of second-degree assault.[3] (C.M.'s petition, Appendix Vol. 1, Tab A.) C.M. alleged that "[t]he offenses she committed in the State of Alabama would not have occurred but for the fact that she was being trafficked." (Id.)

---

[3]C.M. alleged that she had also been convicted of resisting arrest, unlawful possession of drug paraphernalia, unlawful possession of a controlled substance, and first-degree receiving stolen property, and she asked the circuit court to expunge her convictions as to those offenses. As explained below, however, C.M.'s convictions for these offenses are not before this Court in this petition. Thus, we do not address them.

4

Along with her petition for expungement, C.M. also filed a "Modified Form CR-65," which is titled "Petition For Expungement of Records (Section 15-27-1 et seq., Ala. Code 1975)," for her second-degree-assault convictions. (C.M.'s petition, Appendix Vol. 1, Tab A, Exhibits B and E.) On those forms, C.M. checked that she was seeking expungement under "Section IV," which provides as follows:

> "[✓] I, the above-named Defendant/Petitioner, was <u>convicted</u> of the above-named offense, which is one of the following violent felony offenses as defined in Section 12-25-32, and can show that the commission of the violent felony occurred while I was being trafficked, and would not have been committed but for being trafficked. If you cannot prove this to the court, <u>the conviction for any violent felony below is not eligible for expungement</u>:

> "- Promoting prostitution in the first degree pursuant to Section 13A-12-111.

> "- Domestic violence in the third degree pursuant to subsection (d) of Section 13A-6-132.

> "- Production of obscene matter involving a person under the age of 17 years pursuant to Section 13A-12-197;

> "- <u>If none apply, this conviction is not eligible for expungement</u>."

(C.M.'s petition, Appendix Vol. 1, Tab A, Exhibits B and E (emphasis in original).)

On December 20, 2022, the State objected to C.M.'s petition for expungement. (C.M.'s petition, Appendix Vol. 2, Tab C.) In its objection, the State argued that C.M.'s guilty-plea convictions for second-degree assault cannot be expunged under § 15-27-2, Ala. Code 1975, for two reasons. First, the State argued that second-degree assault is a violent offense as defined in § 12-25-32, Ala. Code 1975, and that § 15-27-2(c)(4), Ala. Code 1975, of the expungement statute excludes a conviction for the violent offense of second-degree assault from those convictions that may be expunged. Second, the State argued that, although § 15-27-2(b), Ala. Code 1975, "does provide limited exceptions to the violent felony offense rule for expungement when a Petitioner is a victim of human trafficking," "[o]nly three types of [felony] criminal charges 'may' be considered by the Court for expungement, specifically: Promoting Prostitution First Degree, Domestic Violence Third Degree pursuant to subsection (d) of Section 13A-6-132, or Production of Obscene Matter of a person under 17 years of age." (C.M.'s petition, Appendix Vol. 2, Tab C.) The State concluded that because second-degree assault is not one of the expressly enumerated offenses in § 15-27-2(b), C.M. "does not fall within any of the

6

exceptions to be considered for an expungement under the human trafficking exception." (Id.)

On January 17, 2023, C.M. responded to the State's objection, arguing that § 15-27-2(c), Ala. Code 1975, is only "one avenue for expungement," and conceding that, because she has "not been granted a certificate of pardon," she cannot seek expungement under § 15-27-2(c). Instead, C.M. explained that she seeks expungement

> "under subsection (a), which allows expungement for trafficking victims and does not restrict the expungement of violent felonies. While subsection (a) formerly imposed such a restriction, the Alabama Redeemer Act, effective July 1, 2021, amended subsection (a) to allow for all felonies to be expunged, whether violent or non-violent."[4]

(C.M.'s petition, Appendix Vol. 2, Tab D.) C.M. argued that the

> "Alabama Redeemer Act expanded access to expungements, allowing for expungements of violent felonies in specific situations such as for victims of human trafficking, like Ms. [C.M.] When the language in subsection (a) was modified to allow expungement for violent felonies, the language in subsection (b) was left unchanged. See Exhibit A (showing differences between the current and previous version of § 15-

---

[4]In 2021, the legislature amended portions of the expungement statute to, among other things, "expand the expungement of criminal records to include convictions of certain misdemeanor offenses, traffic violations, municipal ordinances, and felony offenses," and it noted that "[t]his act shall be known and may be cited as the Record Expungement Designed to Enhance Employment and Eliminate Recidivism (REDEEMER) Act." Ala. Acts 2021, Act No. 2021-286, § 1.

7

27-2). The amendments to subsection (a) have rendered subsection (b) moot."

(C.M.'s petition, Appendix Vol. 2, Tab D.)

Thereafter, on March 13, 2023, C.M. filed a motion asking the circuit court to "resolve whether it believes her offenses would fit within the Alabama [expungement] statute before requiring testimony." (C.M.'s petition, Appendix Vol. 2, Tab E.)

On April 17, 2023, the circuit court granted C.M.'s motion, but concluded that C.M.'s "two convictions for Assault 2nd Degree are not eligible for expungement pursuant to Section 15-27-2(c)(4)." (C.M.'s petition, Appendix Vol. 2, Tab F.) As to C.M.'s other convictions, the circuit court "reserve[d] rulings ... until [C.M.] requests that her factual testimony be presented." (C.M.'s petition, Appendix Vol. 2, Tab F.) C.M. then filed a mandamus petition with the Alabama Supreme Court. The Alabama Supreme Court transferred C.M.'s petition to this Court.

## Discussion

As set out above, C.M. argues that the circuit court erred when it concluded that her second-degree-assault convictions cannot be expunged under § 15-27-2, Ala. Code 1975. According to C.M., her "record is eligible for expungement under § 15-27-2(a) and (b)" because those

8

subsections allow for expungement of her convictions for second-degree assault that, she says, were committed while she was a victim of human trafficking.

To resolve this issue, this Court must determine whether C.M.'s convictions for second-degree assault fall within the class of offenses that are eligible for expungement under § 15-27-2, which requires this Court to engage in statutory interpretation.

> "'When interpreting a statute, a court must first give effect to the intent of the legislature. BP Exploration & Oil, Inc. v. Hopkins, 678 So. 2d 1052 (Ala. 1996).
>
>> "'"The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So. 2d 391 (1956)."
>
> "'Darks Dairy, Inc. v. Alabama Dairy Comm'n, 367 So. 2d 1378, 1380 (Ala. 1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial

construction. <u>Ex parte Waddail</u>, 827 So. 2d 789, 794 (Ala. 2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided. <u>Ex parte Meeks</u>, 682 So. 2d 423 (Ala. 1996).

> "'"There is also authority for the rule that uncertainty as to the meaning of a statute may arise from the fact that giving a literal interpretation to the words would lead to such unreasonable, unjust, impracticable, or absurd consequences as to compel a conviction that they could not have been intended by the legislature."

"'73 Am. Jur. 2d <u>Statutes</u> § 114 (2001) (footnotes omitted).'

"<u>City of Bessemer v. McClain</u>, 957 So. 2d 1061, 1074-75 (Ala. 2006)."

<u>Ex parte Smith</u>, 367 So. 3d 466, 469 (Ala. Crim. App. 2022). So, to determine whether a person who has been convicted of second-degree assault when he or she was a victim of human trafficking may have that conviction expunged under § 15-27-2, we start with the plain language of that statute.

In § 15-27-2, the legislature set out three categories under which a person may have his or her criminal records expunged. First, a person "who has been <u>charged with</u> any felony offense may file a petition in the

10

criminal division of the circuit court in which the charges were filed, to expunge records relating to the charge":

"(1) When the charge is dismissed with prejudice and more than 90 days have passed.

"(2) When the charge has been no billed by a grand jury and more than 90 days have passed.

"(3) When the person has been found not guilty of the charge and more than 90 days have passed.

"(4) When the charge has been nolle prossed without conditions, and more than 90 days have passed, and the charge or charges have not been refiled.

"(5) When the indictment has been quashed and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled.

"(6)a. When the charge was dismissed after successful completion of a drug court program, mental health court program, diversion program, veteran's court program, or any other court-approved deferred prosecution program.

"b. Expungement may be a court-ordered condition of a program listed in paragraph a.

"c. A petition for expungement may be filed one year from the date of the successful completion of a program listed in paragraph a.

"(7) When the charge was dismissed without prejudice more than five years ago and has not been refiled and the person has not been convicted of any other felony or misdemeanor crime, any violation, or any traffic violation,

11

excluding minor traffic violations, during the previous five years.

"(8) When the person proves by a preponderance of the evidence that the person is a victim of human trafficking, that the person committed the felony offense during the period the person was being trafficked, and that the person would not have committed the felony offense but for being trafficked. Evidence that a person is a victim of human trafficking may include, but is not limited to, evidence that the person's trafficker was convicted of trafficking the person under Section 13A-6-152 or Section 13A-6-153[, Ala. Code 1975]."

§ 15-27-2(a), Ala. Code 1975 (emphasis added).

Second, a person may have his or her criminal records expunged when he or she has been "convict[ed of] any of the following violent offenses" and "show[s] that [they] committed the felony offense during the period [they were] trafficked, and that [they] would not have committed the felony offense but for being trafficked": (1) first-degree promoting prostitution, a violation of § 13A-12-111, Ala. Code 1975; (2) third-degree domestic violence, a violation of § 13A-6-132(d), Ala. Code 1975; and (3) production of obscene matter, a violation of § 13A-12-197, Ala. Code 1975.  See § 15-27-2(b), Ala. Code 1975 (emphasis added).

Third, a person may have their criminal records expunged when he or she "has been convicted of a felony offense" and "all of the following occur":

12

"(1) The person has been granted a certificate of pardon with restoration of civil and political rights for the conviction from the Board of Pardons and Paroles.

"(2) All civil and political rights that were forfeited as a result of the conviction have been restored.

"(3) One hundred eighty days have passed from the date of the issuance of the certification of pardon.

"(4) Except as provided in subsection (b), the conviction is not a violent offense, as provided in Section 12-25-32[, Ala. Code 1975].

"(5) The conviction is not a sex offense, as provided in Section 15-20A-5[, Ala. Code 1975].

"(6) The conviction is not an offense involving moral turpitude, as provided in Section 17-3-30.1[, Ala. Code 1975]. This subdivision does not apply if the crime the person was convicted of was classified as a felony at the time of the conviction, but has been reclassified as a misdemeanor, pursuant to Act 2015-185, and the person has not been arrested for any offense, excluding minor traffic violations, 15 years prior to the filing of the petition for expungement.

"(7) The conviction is not a serious traffic offense, as provided in Article 9 of Chapter 5A of Title 32.

"(8) If the person was convicted of any of the offenses enumerated in 49 C.F.R. § 383.51, the person was not holding a commercial driver license or a commercial learner's permit at the time of the offense, or was not operating a commercial motor vehicle at the time of the offense."

§ 15-27-2(c), Ala. Code 1975 (emphasis added).

13

C.M. concedes that her convictions for second-degree assault cannot be expunged under § 15-27-2(c) because she does not satisfy all the requirements of that subsection. C.M., instead, argues that her second-degree assault <u>convictions</u> may be expunged under either § 15-27-2(a)(8) or (b). Her argument, however, is based on a misreading of the expungement statute.

Indeed, the plain language of § 15-27-2(a)(8) and (b) shows that those subsections apply to two different scenarios. Section 15-27-2(a)(8) allows people who have been "charged with," but not convicted of an offense, to have "records relating to the <u>charge</u>" expunged when that person "proves by a preponderance of the evidence that the person is a victim of human trafficking, that the person committed the felony offense during the period the person was being trafficked, and that the person would not have committed the felony offense but for being trafficked." Section 15-27-2(b), on the other hand, allows for expungement of three specific "convictions" for "violent offenses" -- namely, first-degree promoting prostitution, third-degree domestic violence, and production of obscene matter involving a person under the age of 17 -- when the person who was convicted of one of those three violent offenses "committed the

14

felony offense during the period the person was trafficked," and "would not have committed the felony offense but for being trafficked."

Clearly, C.M.'s convictions for second-degree assault -- even if we assumed that she committed those offenses while she was being trafficked and would not have committed those offenses but for being trafficked -- cannot be expunged under the plain language of § 15-27-2(b) because second-degree assault is not one of the three enumerated felony offenses listed in that subsection. And equally clear, C.M.'s <u>convictions</u> for second-degree assault cannot be expunged under the plain language of § 15-27-2(a)(8) because that subsection is limited to charged conduct that did not result in a conviction -- i.e., charges that have been disposed of before a conviction.

C.M. argues in her petition that the words "charged" and "committed" as they are used in § 15-27-2(a)(8), Ala. Code 1975, are broad terms encompassing behavior that results in a conviction. C.M. further argues that subsection (a) and subsection (b) must be read together and, she says, "subsection (b) <u>confirms</u> that subsection (a) allows expungement of the entire criminal proceeding, from charges to convictions." (C.M.'s petition, p. 17.) To read § 15-27-2(a)(8) as C.M. does to include conduct

15

that results in a criminal conviction requires this Court to read § 15-27-2(a)(8) inconsistently with the subsections that precede it, and, contrary to C.M.'s claim otherwise, would render § 15-27-2(b) meaningless.

To start, as set out above, § 15-27-2(a) begins with qualifying language providing that "[a] person who has been <u>charged with</u> any felony offense may file a petition in the criminal division of the circuit court in the county in which the <u>charges</u> were filed, to expunge records relating to <u>the charge</u> in any of the following circumstances." (Emphasis added). Thereafter, the statute sets out the eight circumstances under which a person can expunge records relating to a charge, including when a "charge is dismissed, when a "charge has been no billed by a grand jury," when a "person has been found not guilty of the charge," when a "charge has been nolle prossed without conditions," when an "indictment has been quashed and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled," when a "charge was dismissed after successful completion of a ... court-approved deferred prosecution program," when a "charge is dismissed without prejudice more than five years ago and has not been refiled and the person has not been convicted

16

of any other felony or misdemeanor crime, any violation, or any traffic violation, excluding minor traffic violations, during the previous five years," and, the circumstance at issue here, when a person proves that he or she was the victim of human trafficking when "the person committed the felony" and "would not have committed the felony offense but for being trafficked."

Although subsections (a)(1) through (a)(7) refer only to charges that were disposed of before a conviction and, thus, did not result in a conviction, C.M. argues that subsection (a)(8) includes conduct that resulted in a conviction. In addressing this argument, this Court must consider that "'"the meaning of statutory language depends on context, a statute is to be read as a whole ... [and s]ubsections of a statute are in pari materia." Ex parte Jackson, 614 So. 2d 405, 406 (Ala. 1993).'" Ex parte Green, [Ms. CR-2023-0325, Sept. 22, 2023] ___ So. 3d ___, ____ (Ala. Crim. App. 2023) (quoting Mitchell v. State, 316 So. 3d 242, 247 (Ala. Crim. App. 2019)). To read § 15-27-2(a)(8) as applying to conduct that resulted in a conviction when subsections (a)(1) through (a)(7) apply only to conduct that was disposed of before a conviction would require this

17

Court to read (a)(8) in a manner that is inconsistent with the other subsections that precede it, and we decline to do so.

Additionally, and perhaps the most troubling aspect of C.M.'s argument, her reading of § 15-27-2(a)(8) renders § 15-27-2(b) and § 15-27-2(c) wholly unnecessary. This Court has explained that when it engages in statutory interpretation it operates under the "'"presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used."'" State v. Adams, 91 So. 3d 724, 736 (Ala. Crim. App. 2010) (quoting Sheffield v. State, 708 So.2d 899, 909 (Ala. Crim. App. 1997), quoting in turn 82 C.J.S. Statutes § 316 at pp. 551-52 (1953)).

As set out above, § 15-27-2(a)(8) allows a person "who has been charged with any felony offense" to seek expungement of the "records relating to the charge" when he or she shows that they were a "victim of human trafficking, that the person committed the felony offense during the period the person was being trafficked, and that the person would not have committed the felony offense but for being trafficked," and § 15-27-2(b) allows a person who has been "convict[ed] for any of the [three

18

enumerated] violent offenses" to have that conviction expunged when he or she shows "that the person committed the felony offense during the period the person was trafficked, and that the person would not have committed the felony offense but for being trafficked." If this Court were to read § 15-27-2(a)(8) as applying to "convictions" for "any felony offense," then there is no need for the expungement statute to include § 15-27-2(b) allowing a person to seek expungement for a conviction for one of the enumerated violent offenses as those convictions are all felonies and would be subsumed into § 15-27-2(a)(8). In other words, if § 15-27-2(a)(8) includes conduct that resulted in a conviction, then the offenses listed in § 15-27-2(b) always qualify for expungement under § 15-27-2(a)(8), and § 15-27-2(b) would be rendered meaningless. Because we presume that when the legislature enacted § 15-27-2(b), it intended for that section to have a purpose and that it did not add superfluous words or provisions to the statute, we do not, as C.M. asks us to do, read subsection (a) and subsection (b) as having the same field of operation.

Likewise, as previously noted, § 15-27-2(c), Ala. Code 1975, allows expungement of "records relating to the charge and the conviction" of a felony in limited circumstances after the convicted individual has been

19

pardoned for the offense. Yet this provision expressly precludes the expungement of "a violent offense, as provided in Section 12-25-32" "[e]xcept as provided in subsection [15-27-2](b)." Clearly, the legislature could not have intended that there be "no limitation" on the type of felony convictions that can be expunged pursuant to § 15-27-2(a)(8), as C.M. argues, while expressly limiting the expungement of violent convictions that have been pardoned to the three offenses enumerated in § 15-27-2(b). Also, adopting the "no-limitations" approach advocated by C.M. would violate the rules of statutory construction followed by this Court by rendering the additional steps required for the expungement of a felony conviction as outlined in § 15-27-2(c) meaningless or superfluous.

In sum, § 15-27-2(a) applies to conduct that has not resulted in a conviction, and § 15-27-2(b) allows for expungement of a conviction when a person who was convicted of one of the three enumerated felony offenses in that subsection committed those offenses while he or she was a victim of human trafficking and would not have done so but for being a victim of human trafficking. Thus, C.M.'s convictions for second-degree assault do not qualify for expungement under the plain language of either subsection.

20

## Conclusion

Because C.M. pleaded guilty to two counts of second-degree assault and, thus, was convicted of second-degree assault, her convictions for second-degree assault cannot be expunged under the plain language of § 15-27-2(a)(8) or § 15-27-2(b). Accordingly, we deny C.M.'s petition.

PETITION DENIED.

Windom, P.J., and Kellum, McCool, and Minor, JJ., concur.